1   Michael S. Kun (State Bar No. 208684)
    Kevin D. Sullivan (State Bar No. 270343)
2   EPSTEIN BECKER & GREEN, P.C.
    1925 Century Park East, Suite 500
3   Los Angeles, CA 90067
    Telephone:  310.556.8861
4   Facsimile:  310.553.2165
    mkun@ebglaw.com
5   ksullivan@ebglaw.com

6   Attorneys for Defendant
    NEOSTRATA COMPANY, INC.
7

8               UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  CANDLE HORTON, individually,          Case No.: 3:16-cv-02189-AJB-JLB
    and on behalf of herself and others
12  similarly situated;                   **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
13              Plaintiff,                DEFENDANT NEOSTRATA
                                          COMPANY, INC.'S MOTION TO
14        vs.                             DISMISS PLAINTIFF'S SECOND
                                          AMENDED COMPLAINT OR
15  NEOSTRATA COMPANY INC., a             STRIKE PORTIONS THEREOF**
    Delaware corporation; 24 SEVEN
16  INC., a New York corporation; 24      **[Fed. Civ. P. 12(b)(6) and 12(f)]**
    SEVEN EMPLOYMENT INC., a
17  New York corporation; 24 SEVEN        DATE:     February 16, 2017
    STAFFING INC., a California           TIME:     2:00 p.m.
18  corporation; 24 SEVEN TALENT          CTRM:     3B
    CALIFORNIA, INC., a California        JUDGE:    Hon. Anthony J. Battaglia
19  corporation; 24 SEVEN
    RECRUITING, INC. a California
20  corporation; 24 SEVEN CREATIVE
    SOLUTIONS, an unknown entity;
21  CELESTE GUDAS, an individual;
    and DOES 1 through 50 inclusive,
22
                Defendants.
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 4

    A.   In Granting NeoStrata's Motion To Dismiss Horton's FAC, The Court Allowed Horton A Narrow Scope Of Leave To Amend. .......... 4

       1.   The Court Explained That Leave Of Court Was Needed If Horton Wished To Add A Claim Under Labor Code Section 2810.3(d) ................................................................. 4

       2.   The Court Found That Horton Had Failed To Plead Sufficient Facts To Proceed With Claims Against NeoStrata Based On An Alter Ego Theory Of Liability. .......... 4

       3.   The Court Dismissed Horton's FAC Because She Improperly Lumped Together NeoStrata And The 24 SEVEN Defendants Without Distinguishing The Allegedly Unlawful Conduct Of Each. ..................................... 5

       4.   The Court Dismissed Horton's California Overtime Claim Because She Failed To Allege Sufficient Facts to State A Claim. ............................................................................ 5

       5.   The Court Dismissed Horton's California Minimum Wage Claim Because She Failed To Allege Sufficient Facts to State A Claim. ......................................................... 5

       6.   The Court Dismissed Horton's Waiting Time Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims And Did Not Set Forth Sufficient Facts. ............ 5

       7.   The Court Dismissed Horton's PAGA Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims. ....... 6

       8.   The Court Dismissed Horton's Federal Wage Claims Because She Failed To Meet The Ninth Circuit's Pleading Standard. .................................................................. 6

       9.   The Court Dismissed Horton's UCL Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims. ....... 6

       10.  The Court Did Not Consider NeoStrata's Motion To Strike The Improper Class, Subclass, And Representative Action Definitions Because The Court Dismissed Horton's FAC. ........................................................................ 6

       11.  The Court Permitted Horton Leave To File An SAC Only To Cure The Deficiencies In The FAC That The Court Described In The Order. ............................................... 7

-i-

FIRM:40752754v1    Memorandum in Support of Defendant NeoStrata Company, Inc.'s Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

B.  Without Leave To Do So, Plaintiff Has Added Winston And Zdanek As Plaintiffs. ......................................................7

C.  Without Leave To Do So, Plaintiff Has Added A New Liability Theory Under Labor Code Section 2810.3. ...............................7

D.  Horton Still Has Not Presented Any Factual Allegations To Support Her Alter Ego, Agency, Integrated Enterprise, Or Joint Venture Claims. .................................................................7

E.  Horton Has Once Again Impermissibly Lumped Six Defendants Together Without Distinguishing Any Of Their Alleged Unlawful Conduct. ...............................................................8

F.  Zdanek Has Failed To Allege She Ever Worked Enough Hours To Trigger An Overtime Violation. .......................................10

G.  Horton Still Has Defined Her Proposed Class And Representative Actions Using Unascertainable, Fail-Safe Definitions. ...................................................................10

H.  Horton Seeks To Bring Class Claims Under Labor Code Section 2810.3 That Predate Its January 1, 2015 Implementation. ...............................................................12

III.  ARGUMENT .................................................................12

A.  The Legal Standard Under Fed.R.Civ.P. 12(b)(6). ...................12

B.  Horton Has Violated Fed.R.Civ.P. 15(a)(2) By Improperly Adding Two New Plaintiffs Without Leave Of Court. ..................13

C.  Horton Has Violated Fed.R.Civ.P. 15(a)(2) By Improperly Adding A New Liability Theory Under Labor Code Section 2810.3 Without Leave Of Court. ........................................14

D.  Despite Amending Her Complaint Twice, Horton Still Has Not Presented Any Factual Allegations That Would Establish That NeoStrata Is Liable On Alter Ego, Agency, Integrated Enterprise, Or Joint Venture Grounds. .................................15

E.  Horton Once Again Has Impermissibly Lumped NeoStrata Together With Five Other Defendants Without Distinguishing Between The Allegedly Unlawful Conduct Of Each. ...................17

F.  Even If The Court Were To Permit Zdanek To Be Added To This Action, She Has Failed To State An Overtime Claim. ............19

G.  The Court Should Dismiss Or Strike Horton's Class And PAGA Claims Because  Horton's Proposed Class, Subclass, And Representative Action Definitions Still Are Not Readily Ascertainable And/Or Constitute Impermissible "Fail-Safe" Definitions. ...................................................................21

1.  Horton Has Defined Her Proposed Class And Subclasses Using An Unascertainable Definition. .................................21

- ii -

2.     Horton Has Defined Her Representative Action Using Unascertainable, Fail-Safe Definitions.....................................23

H.     Even If The Court Were To Permit Horton To Add A Liability Theory Under Labor Code Section 2810.3 And Find That Her Putative Class And Subclass Definitions Were Permissible, Horton's Class Allegations Under Section 2810.3 Cannot Precede January 1, 2015, When That Section Went Into Effect. ......25

IV.     CONCLUSION ...........................................................................25

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3

**Federal Cases**

4

5
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................. 12, 13

6

7
*Barkett v. Sentosa Props. LLC*,
   2015 U.S. Dist. LEXIS 78035 (E.D. Cal. June 15, 2015)............................ 16

8

9
*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 12

10

11
*Byrd v. Masonite Corp.*,
   2016 U.S. Dist. LEXIS 23435 (C.D. Cal. Feb. 25, 2016)............................ 20

12

13
*Davenport v. Litton Loan Servicing, LP*,
   725 F. Supp. 2d 862 (N.D. Cal. 2010) ................................................. 15, 16

14

15
*Davis v. Macey*,
   2013 U.S. Dist. LEXIS 27421 (N.D. Ind. Feb. 28, 2013)............................ 14

16

17
*Earnest v. General Motors Corp.*,
   923 F. Supp. 1469 (N.D. Ala. 1996) ........................................................... 21

18

19
*Freeney v. Bank of Am. Corp.*,
   2015 U.S. Dist. LEXIS 92848 (C.D. Cal. July 16, 2015) ..................... 13, 14, 18

20

21
*Hovsepian v. Apple, Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ............................................ 22

22

23
*Kamar v. RadioShack Corp.*,
   375 Fed. App'x 734 (9th Cir. 2010)............................................................ 23

24

25
*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985)..................................................................... 22

26

27
*Miller v. Yokohama Tire Corp.*,
   358 F.3d 616 (9th Cir. 2004) ................................................................ 23, 24

28

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003)...............................................15

*Nichols v. Greenpoint Mrtg. Funding, Inc.*,
    2008 U.S. Dist. LEXIS 87644 (C.D. Cal. Aug. 19, 2008) ................................16

*Rhodes v. Sutter Health*,
    949 F. Supp. 2d 997 (E.D. Cal. Feb. 1, 2013) ......................................16

*Silva v. AvalonBay Communities, Inc.*,
    2015 U.S. Dist. LEXIS 140673 (C.D. Cal. Oct. 5, 2015) ...............................20

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ......................................................13

*U.A. Local 343 v. Nor-Cal Plumbing, Inc.*,
    48 F.3d 1465 (9th Cir. 1994) .......................................................15

*Vietnam Veterans of Am. v. C.I.A.*,
    288 F.R.D. 192 (N.D. Cal. 2012) ....................................................21

*Whiteway v. FedEx Kinko's Office and Print Services, Inc.*,
    2006 WL 2642528 (N.D. Cal. Sept. 14, 2006).........................................21

**California Cases**

*Noe v. Superior Court*,
    237 Cal. App. 4th 316 (2015)....................................................18, 19

**Federal Statutes**

Fair Labor Standards Act.............................................................6, 20

**California Statutes**

Business & Professions Code
    § 17200 *et seq.* ...................................................................6

California Code of Civil Procedure
    § 2298 .............................................................................15
    § 2299 .............................................................................16

Cal. Stats 2014 Chapter 728
  § 1 (AB 1897) ................................................................................................ 25

Labor Code
  § 203 .............................................................................................................. 5
  § 510(a) ..................................................................................................... 5, 20
  § 1194 ............................................................................................................ 5
  § 2810.3 .................................................................................................. *passim*
  § 2810.3 And ............................................................................................... 25
  § 2810.3(d) .................................................................................................... 4
  § 2810.3, § 2810.3 ......................................................................................... 1

Private Attorneys General Act ................................................................... *passim*

**Other Authorities**

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*
  (4th ed. 2002) § 3:3 .................................................................................... 21

Fed.R.Civ.P. 8 ............................................................................... 2, 17, 18, 19

Fed.R.Civ.P. 12(b)(6) ................................................................................... 12

Fed.R.Civ.P. 15(a)(2) ................................................................... 1, 13, 14, 19

## I.  <u>INTRODUCTION</u>

Without even seeking leave of Court, much less receiving it, Plaintiff Candle Horton ("Horton") has added two new plaintiffs to her Second Amended Complaint ("SAC") – Kimberlee Winston ("Winston") and Jeanette Zdanek ("Zdanek") – as well as an entirely new theory of liability. Because she failed to obtain leave to do so, these new plaintiffs should be dismissed and the new liability theory should be stricken. And for these reasons and others explained below, Horton's SAC should be dismissed without leave to amend.

Ignoring this Court's order providing that Horton could file an SAC only to cure the deficiencies in the First Amended Complaint ("FAC") described in the order (Doc. No. 30 at 15:19–20), Horton has violated Fed.R.Civ.P. 15(a)(2) by adding Winston and Zdanek as plaintiffs in this action. As Horton did not have leave to add them, they should be dismissed or stricken from the SAC.[1]

Moreover, in its order dismissing Horton's FAC, the Court expressly stated that Horton would have to obtain leave in order to plead a new theory of liability under Labor Code section 2810.3.[2] (Doc. No. 30 at 5:10–12.) Ignoring that order, Horton has pled this new theory anyway, violating both Fed.R.Civ.P. 15(a)(2) and this Court's order. Thus, this new theory of liability should be stricken.

Additionally, although the Court's order laid bare the deficiencies in Horton's FAC, Horton's SAC suffers from the same defects as her original Complaint and her FAC. Despite amending her Complaint twice, Horton still has failed to present any factual allegations that would plausibly show that NeoStrata

---

[1]Even if the Court were to permit Zdanek to be added to this action, she has failed to state an overtime claim. Despite this Court's order dismissing the FAC explaining that in order to plead a California overtime violation a plaintiff must allege she worked at least eight hours in a day, Zdanek has clearly failed to allege she worked this many hours. Thus, her overtime claim should be dismissed.
[2]Section 2810.3 makes a client of a labor contractor share in liability for wage-hour violations that the labor contractor committed in providing labor to the client.

is liable for alleged wage-hour violations committed by the 24 SEVEN Defendants[3] on alter ego, agency, integrated enterprise, or joint venture theories.

Again ignoring this Court's order dismissing her FAC, Horton still has impermissibly lumped NeoStrata together with the 24 SEVEN Defendants without distinguishing between the allegedly unlawful conduct of each. Because Horton's SAC still violates Fed.R.Civ.P. 8 by failing to provide NeoStrata with appropriate notice of the unlawful conduct in which it allegedly engaged, Horton's SAC should be dismissed in its entirety.

As she did in her Complaint and FAC, Horton has again failed to set forth an ascertainable putative class definition in her SAC. Remarkably, the proposed definition in her SAC is actually _worse_ than her two prior attempts. In her Complaint and FAC, Horton defined the putative class such that she would only represent persons who were "employed" by "Defendants" (i.e., jointly employed by NeoStrata and 24 SEVEN Defendants), meaning that individualized analyses would need to be conducted in order to ascertain who would be in the class (and who would not) because an individual would qualify for membership only if he or she were jointly employed by "Defendants." Plaintiff has not corrected that defect.

Instead, by defining the putative class as persons who "worked" for NeoStrata "and/or" 24 SEVEN Defendants, Horton has retained the previous defect (given the "and" portion of the connector) and added a new one (via the "or" connector). Under Horton's latest putative class definition, the putative class would include persons who do not have any claims against NeoStrata because they never performed work for NeoStrata. That is, there would be individuals who worked for only 24 SEVEN Defendants and never worked for NeoStrata – but would somehow be part of a class with claims against NeoStrata. (Conversely, the

---

[3]The phrase "24 SEVEN Defendants" is taken directly from Horton's SAC to mean 24 Seven LLC; 24 Seven Employment Inc., 24 Seven Talent California LLC dba 24 Seven Creative Solutions, 24 Seven Recruiting LLC, and Celeste Gudas. (Doc. No. 36 at 6:4–7.)

1  proposed class would also include persons who worked for NeoStrata but had no
2  connection at all to the 24 SEVEN Defendants.) It is axiomatic that a putative
3  class member must have a potential claim against the defendant against whom that
4  claim is brought.

5      The Private Attorneys General Act ("PAGA") representative action
6  definitions that Horton has proffered suffer from the same ascertainability defect
7  as her putative class definition explained above. The PAGA definitions are also
8  impermissible fail-safe definitions in that Horton seeks to represent only
9  individuals who suffered a wage-hour violation, excluding those who did not.

10     Because Horton remains unable to allege permissible class and
11 representative action definitions, her class and PAGA claims should be dismissed.
12 Alternatively, her class and PAGA representative allegations should be stricken.

13     Finally, even if the Court were to overlook Horton's failure to obtain leave
14 of court to add a liability theory under Labor Code section 2810.3, and even were
15 it to find that her putative class definition was permissible, Horton's class
16 allegations under that section cannot go back four years. Simply put, the claims
17 cannot precede January 1, 2015 because that is when section 2810.3 went into
18 effect.

19     For these reasons and those set forth below, Horton's SAC should be
20 dismissed without leave to amend. Alternatively, Winston and Zdanek should be
21 dismissed from this action; Horton's liability theory under Labor Code section
22 2810.3 should be stricken; Horton's alter ego, agency, integrated enterprise, and
23 joint venture theories of liability should be stricken; Zdanek's overtime claim
24 should be dismissed; Horton's class and PAGA representative allegations should
25 be stricken; and Horton's class allegations should still be stricken for alleged
26 violations occurring before January 1, 2015.

27

28

## II.   STATEMENT OF FACTS

### A.   In Granting NeoStrata's Motion To Dismiss Horton's FAC, The Court Allowed Horton A Narrow Scope Of Leave To Amend.

On November 22, 2016, the Court granted NeoStrata's motion to dismiss Horton's FAC. (Doc. No. 30.) As described below, the Court's detailed order specifically addressed the multiple grounds on which Horton had failed to state a cause of action. It gave Horton limited leave to amend the defects in her FAC – and it expressly noted that she needed to obtain leave of Court as to some issues. Horton ignored that order.

#### 1.   The Court Explained That Leave Of Court Was Needed If Horton Wished To Add A Claim Under Labor Code Section 2810.3(d).

In its order, the Court rejected Horton's argument that NeoStrata's motion was premature because she "needed" to add a liability theory under Labor Code section 2810.3, explaining, "Nowhere does Labor Code section 2810.3(d) state that Plaintiff is entitled to file a SAC or that a SAC must be filed to demonstrate exhaustive measures. Further, if Plaintiff 'needs' to file a SAC, Plaintiff needs to do so by leave of the Court." (Doc. No. 30 at 5:10–12 (emphasis added).) The Court could not have been clearer that leave of court was needed.

#### 2.   The Court Found That Horton Had Failed To Plead Sufficient Facts To Proceed With Claims Against NeoStrata Based On An Alter Ego Theory Of Liability.

Concluding that Plaintiff had failed to allege a claim against NeoStrata under an alter ego theory of liability, the Court found that Plaintiff ha[d] not pled any facts that, accepted as true, could establish the elements of alter ego liability, and ha[d] not presented evidence to the Court that proves that any of the Defendants were under the direction and/or control of the others." (Doc. No. 30 at 6:14–17.)

FIRM:40752754v1    Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

### 3. The Court Dismissed Horton's FAC Because She Improperly Lumped Together NeoStrata And The 24 SEVEN Defendants Without Distinguishing The Allegedly Unlawful Conduct Of Each.

The Court rejected Horton's method of group-pleading NeoStrata with the 24 SEVEN Defendants, "agree[ing] with Defendant NeoStrata in that Plaintiff may not group NeoStrata with the other Defendants given that, as established above, Plaintiff has failed to establish alter ego liability." (Doc. No. 30 at 7:3–5.)

### 4. The Court Dismissed Horton's California Overtime Claim Because She Failed To Allege Sufficient Facts to State A Claim.

Holding that Horton failed to state an overtime claim under Labor Code section 510(a), the Court found that "not only [did] Plaintiff fail to clarify which Defendant Plaintiff is specifically seeking to recover overtime from, but Plaintiff [did] not even provide specific facts to prove that an excess of eight hours a day or forty hours a week was worked to trigger the overtime pay requirements." (Doc. No. 30 at 8:26–9:2.)

### 5. The Court Dismissed Horton's California Minimum Wage Claim Because She Failed To Allege Sufficient Facts to State A Claim.

The Court dismissed Horton's minimum wage claim under Labor Code section 1194, finding that she had "not pled sufficient facts as to when or how minimum wages were not paid, or even who failed to provide for the minimum wages." (Doc. No. 30 at 10:4–5.)

### 6. The Court Dismissed Horton's Waiting Time Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims And Did Not Set Forth Sufficient Facts.

The Court also dismissed Horton's waiting time claim under Labor Code section 203, finding that did that "cause of action collapse[] because Plaintiff's claims of failure to pay overtime and minimum wages [were] dismissed by the Court," but also that Horton "ha[d] failed to assert any factual allegations in

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

support of this claim." (Doc. No. 30 at 10:28–11:5.)

**7.      The Court Dismissed Horton's PAGA Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims.**

In dismissing Horton's derivative PAGA claim, the Court found that "because all of Plaintiff's Labor Code claims against Defendant NeoStrata [were to] be dismissed, Plaintiff's PAGA claim . . . necessarily fail[ed] as well." (Doc. No. 30 at 13:16–17.)

**8.      The Court Dismissed Horton's Federal Wage Claims Because She Failed To Meet The Ninth Circuit's Pleading Standard.**

The Court also dismissed Horton's claim under the Fair Labor Standards Act ("FLSA"),[4] finding that Plaintiff had "clearly failed to meet the standard as set forth in *Landers*[ *v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645–646 (9th Cir. 2014)]." (Doc. No. 30 at 14:11.)

**9.      The Court Dismissed Horton's UCL Claim Because It Was Derivative Of Her Insufficiently Pled Wage Claims.**

In dismissing Horton's derivative claim under Business & Professions Code section 17200 *et seq.*, the Court found that "because Plaintiff's section 17200 claim [wa]s dependent on the success of Plaintiff's overtime and minimum wage claims, Plaintiff's section 17200 claim fail[ed] since she ha[d] not adequately pled with sufficient facts her substantive causes of action." (Doc. No. 30 at 15:7–9.)

**10.     The Court Did Not Consider NeoStrata's Motion To Strike The Improper Class, Subclass, And Representative Action Definitions Because The Court Dismissed Horton's FAC.**

NeoStrata had also moved to strike Horton's deficient class, subclass, and representative action definitions because they were not readily ascertainable and were improper, fail-safe definitions. (Doc. No. 19-1 at 19:4–22:12.) However, "[b]ecause the Court [found] that Plaintiff's [first amended] complaint should be

---

[4]Plaintiff's SAC omits any claim under the FLSA. (*See* Doc. No. 36; Doc. No. 36 at 2:4–5.)

FIRM:40752754v1     Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

dismissed in its entirety, the Court [did] not [need to] entertain Defendant's motion to strike." (Doc. No. 30 at 4:26–27.)

### 11. The Court Permitted Horton Leave To File An SAC Only To Cure The Deficiencies In The FAC That The Court Described In The Order.

The Court's order permitting Horton leave to amend was narrow, holding that "Plaintiff may file a second amended complaint curing the deficiencies noted herein . . . ." (Doc. No. 30 at 15:19–20, emphasis added.) As explained below, Horton exceeded that scope of leave, adding new plaintiffs and a new theory of liability without leave of court.

### B. Without Leave To Do So, Plaintiff Has Added Winston And Zdanek As Plaintiffs.

In her original Complaint and her FAC, Horton was the only plaintiff. (Doc. Nos. 1-1, 15.) But in her SAC, Horton added two new plaintiffs – Winston and Zdanek. (Doc. No. 36 at 4:10–13.) She never sought leave of Court to add these two new plaintiffs. (*See* Doc. Nos. 1–36.) Nor did the Court grant her leave to do so. (*See* Doc. No. 30.)

### C. Without Leave To Do So, Plaintiff Has Added A New Liability Theory Under Labor Code Section 2810.3.

In her FAC, Horton specifically brought her theory for joint employer liability under the common law rather than Labor Code section 2810.3. (Doc. No. 15 at 3:6–8.) But in her SAC, Horton added a new theory of liability – that NeoStrata is purportedly liable for any wage-hour violations committed by 24 SEVEN Defendants pursuant to Labor Code section 2810.3. (Doc. No. 36 at 7:2–9:16.) Horton never sought leave of Court to add this new liability theory. (*See* Doc. Nos. 1–36.) Nor did the Court grant her leave to do so. (*See* Doc. No. 30.)

### D. Horton Still Has Not Presented Any Factual Allegations To Support Her Alter Ego, Agency, Integrated Enterprise, Or Joint Venture Claims.

In her Complaint and FAC, Horton raised allegations on "information and

belief" that NeoStrata is liable for the alleged unlawful conduct based on alter ego, agency, and integrated enterprise theories. (Doc. No. 1-1 at 4:19–5:14; Doc. No. 15 at 4:16–21.) She presented no factual allegations in support. (*See id.*)

NeoStrata addressed these deficiencies in its motions to dismiss the Complaint and FAC. (Doc. No. 8-1 at 12:26–13:11; Doc. No. 19-1 at 11:23–12:22.) Horton, however, made no effort to cure them. Instead, in her SAC, Horton has continued to allege that NeoStrata is liable for employment violations committed by the other defendants under alter ego, agency, integrated enterprise, and joint venture theories. (Doc. No. 36 at ¶¶ 25, 29.) And as she did with her Complaint and FAC, she has alleged each of those theories on "information and belief." (*See id.*) Yet again, Horton has alleged no facts in support of these theories. (*See id.*)

### E.    Horton Has Once Again Impermissibly Lumped Six Defendants Together Without Distinguishing Any Of Their Alleged Unlawful Conduct.

In her original Complaint, Plaintiff sued NeoStrata and seven other defendants, repeatedly lumping them together as "DEFENDANT EMPLOYER" or "Defendants." (Doc. No. 1-1 at ¶ 18.) In its motion to dismiss the original Complaint, NeoStrata detailed why this was impermissible. (Doc. No. 8-1 at 13:12–14:28.) Rather than file an opposition to NeoStrata's motion to dismiss her Complaint, Horton chose to file an FAC. (Doc. Nos. 10, 15.)

Horton's FAC suffered from the same defects as her Complaint. Accordingly, the Court found that Horton "presumably direct[ed] the [first, second, third, seventh, eighth, and ninth] causes of actions toward Defendant NeoStrata, but unacceptably group[ed] all eight Defendants together and either ple[d] the claims using the omnibus label 'DEFENDANT EMPLOYER' or simply 'Defendants.'" (Doc. No. 30 at 7:20–24.)

Horton's SAC continues to impermissibly lump all named defendants together again. The "named Defendants" in this case are referred to in the SAC as

- 8 -

1   NeoStrata on the one hand and the five[5] other named defendants who are

2   collectively referred to as the "24 SEVEN Defendants." (Doc. No. 36 at ¶¶ 18,

3   26.)

4          Horton's group-pleading in her SAC is no different than it was in her FAC.

5   Where the FAC had used the term "DEFENDANT EMPLOYER" (i.e., the named

6   Defendants that consist of NeoStrata and the 24 SEVEN Defendants), the SAC

7   group-pleads these two groups of defendants as a pair in each substantive

8   allegation of unlawful conduct. For example, Horton has alleged in her SAC that

9   "NEOSTRATA and 24 SEVEN Defendants never paid for her commute time for

10  travel time spent travelling between work assignments in the same workday to

11  another work location in the same workday on multiple occasions." (Doc. No. 36

12  at 15:8–10.) Similarly, Horton has alleged "NEOSTRATA and 24 SEVEN

13  Defendants only paid Plaintiff WINSTON for 7 hours, but Plaintiff WINSTON

14  alleges Defendant NEOSTRATA and 24 SEVEN Defendants should have paid

15  her an additional 60 minutes on the low side for her intraday travel between work

16  assignments." (Id. at 15:21–25.) Horton has also alleged that "[w]hen Defendant

17  NEOSTRATA and 24 SEVEN Defendants terminated the Plaintiffs by not

18  providing them anymore hours, Defendant NEOSTRATA and 24 SEVEN

19  Defendants failed to provide Plaintiffs all unpaid wages in their final paycheck or

20  in a timely manner." (Id. at 20:23–26.)

21         Indeed, the phrase "NEOSTRATA and 24 SEVEN Defendants" appears no

22  fewer than 55 times in the SAC.[6] The term "DEFENDANT EMPLOYER" also

23  appeared 55 times in the FAC.[7]

24

25  _____

    [5]Horton also references a "24 SEVEN STAFFING LLC," but this does not appear

26  to be a named defendant. (See Doc. No. 36 at 6:5.)

    [6]Doc. No. 36 at ¶¶ 40, 53, 54, 58, 60, 65, 67, 68, 69, 71, 73, 74, 75, 76, 77, 78, 80,

27  81, 87 (twice), 88, 90 (twice), 91, 92 (thrice), 93, 94, 96, 98 (twice), 99, 100

    (twice), 101, 102, 122, 123 (twice), 124, 132 (twice), 134, 135 (twice), 136, 142,

28  147, 150a, 150b, 150c, 163, 183, 200.

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

### F.  Zdanek Has Failed To Allege She Ever Worked Enough Hours To Trigger An Overtime Violation.

To support her claims, new plaintiff Zdanek provides two examples in the SAC where she purportedly suffered a wage violation. Neither shows an overtime violation because she does not allege working more than eight hours in a day.

In her first example, Zdanek alleges that on November 20, 2015, she worked for three hours at one store and then drove 45 minutes to another store where she worked for another three hours but "NEOSTRATA and 24 SEVEN Defendants" allegedly did not pay her for the travel time. (Doc. No. 36 at 16:18–17:2.) Even if this were true, that would only be <u>six hours and 45 minutes of work</u>.

In her second example, Zdanek alleges that on January 9, 2016, she worked for two hours at one store and then drove 15 minutes to another store where she worked for another five hours but "NEOSTRATA and 24 SEVEN Defendants should have paid her an additional 15 minutes for her intraday travel between work assignments for which time she was not paid." (Doc. No. 36 at 17:3–11.) Even if this were true, that would only be <u>seven hours and 15 minutes of work</u>.

### G.  Horton Still Has Defined Her Proposed Class And Representative Actions Using Unascertainable, Fail-Safe Definitions.

In its motions to dismiss the original Complaint and the FAC, NeoStrata addressed the deficiencies in Horton's proposed class definitions. (Doc. No. 8-1 at 22:17–25:17; Doc. No. 19-1 at 19:4–21:11.)

In her SAC, Horton has defined the proposed class as follows:

> All current or former nonexempt employees who worked in the state of California from July 20, 2012 to the present for Defendant NEOSTRATA <u>and/or</u> 24 SEVEN

---

[7]Doc. No. 15 at ¶¶ 20, 32, 34, 36, 37, 39, 47, 48, 49, 50, 54, 56, 57, 58, 59, 60, 61, 62 (twice), 63, 64, 65 (twice), 66 (twice), 68, 69 (twice), 70 (thrice), 78, 79, 80, 81 (twice), 82, 83, 84, 85, 86, 93, 94 (twice), 96, 97 (twice), 98, 122, 136, 138, 141, 153, 156, 170, 173.

<blockquote>
Defendants as Freelance Beauty Advisors, Field Sales Representatives, or jobs with similar titles.
</blockquote>

(Dkt. No. 36 at ¶ 141 (emphasis added).) By defining the class such that she would only represent persons who "worked" for "NEOSTRATA and[] 24 SEVEN Defendants" (i.e., jointly employed), Plaintiff has proposed a class definition by which individualized analyses must be conducted in order to ascertain who would be in the class (and who would not), as discussed below.

Moreover, by defining the putative class as persons who "worked" for "NEOSTRATA and/or 24 SEVEN Defendants," Horton has added a new defect via the "or" connector. As a result, there would be potential class members who do not have any claims against NeoStrata because they never performed work for NeoStrata. That is, there would be individuals who worked for only the 24 SEVEN Defendants and never worked for NeoStrata – but would somehow be part of a class with claims against NeoStrata. And the converse is also true – the proposed class would include persons who worked for NeoStrata but have no connection at all to the 24 SEVEN Defendants.

Each of Horton's alleged subclasses suffer from the same defect because each putative subclass member would be a member of the putative class. (Doc. No. 36 at 24:21–25:17.)

Horton has also proposed to define her UCL subclass as individuals "who worked for Defendants and who seek restitution . . . ." (Dkt. No. 36 at 25:15–17 (emphasis added).) Not only does that proposed subclass suffer from the same defects, but, by seeking to represent only those individuals who seek restitution, she does not seek to represent those who do not seek such restitution.

Horton has defined her first putative representative action under PAGA – referred to as "Group I" in the SAC – as follows:

<blockquote>
All employees working as nonexempt Freelance Beauty Advisors, Field Sales Representatives, or jobs with similar titles employed by or have been employed by
</blockquote>

- 11 -

> Defendant NEOSTRATA <u>and/or</u> 24 SEVEN Defendants in the State of California from July 20, 2015 to the present <u>who should have received all their wages as required by California law</u>.

(Doc. No. 36 at 21:10–16 (emphasis added).)

Horton has similarly defined her Group III representative action as follows:

> All nonexempt persons employed by or have been employed by Defendant NEOSTRATA <u>and/or</u> 24 SEVEN Defendants in the State of California as nonexempt Freelance Beauty Advisors, Field Sales Representatives, or jobs with similar titles from July 20, 2015 to the present <u>who are entitled to PAGA penalties and related remedies</u> for Defendant NEOSTRATA <u>and/or</u> 24 SEVEN Defendants' violations of the California Labor Code.

(*Id.* at 21:22–22:2 (emphasis added).) As explained below, not only are these fail-safe definitions, but they are also not readily ascertainable.

### H.   Horton Seeks To Bring Class Claims Under Labor Code Section 2810.3 That Predate Its January 1, 2015 Implementation.

As explained above, Horton seeks to represent a class of individuals for alleged wage-hour violations dating back to July 2012. (Dkt. No. 36 at ¶ 141.) But as explained below, even if the Court were to permit Horton to add a liability theory under Labor Code section 2810.3, her class allegations cannot precede January 1, 2015 because that when section 2810.3 went into effect.

## III.   ARGUMENT

### A.   The Legal Standard Under Fed.R.Civ.P. 12(b)(6).

As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Court subsequently explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that a complaint is not sufficient if it merely "tenders naked assertions devoid of further factual enhancement;" it requires more than "unadorned, the-defendant-

- 12 -

unlawfully-harmed-me accusation[s]." *Id.* at 678 (citations omitted). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). Facts that are "'merely consistent with' a defendant's liability" fall far short of a plausible entitlement to relief. *Id.* (citing *Twombly*, 550 U.S. at 557). The Ninth Circuit has clarified that the allegations in a complaint must contain <u>factual</u> allegations that, when taken as true, "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be <u>subjected to the expense of discovery and continued litigation</u>." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

## B.   Horton Has Violated Fed.R.Civ.P. 15(a)(2) By Improperly Adding Two New Plaintiffs Without Leave Of Court.

Because Horton already amended her complaint once as a matter of right, Rule 15(a)(2) mandates that Horton "may amend [her] pleading only with the opposing party's written consent or the court's leave." Moreover, the Court's order permitting leave to file an SAC was narrow, providing that "Plaintiff may file a second amended complaint <u>curing the deficiencies noted [in this order]</u>." (Doc. No. 30 at 15:19–20, emphasis added.) The Court's order did not discuss any alleged deficiency with Horton as a plaintiff or give her permission to add more plaintiffs. (*See* Doc. No. 30.) Horton plainly disregarded the Court's order and added Winston and Zdanek as plaintiffs without leave of Court. For this reason, Winston and Zdanek should be dismissed or stricken. *See, e.g.*, *Freeney v. Bank of Am. Corp.*, 2015 U.S. Dist. LEXIS 92848, at *93 (C.D. Cal. July 16, 2015) (in granting a motion to dismiss with leave to amend, the Court reminded the plaintiff that "[s]hould any amended complaint exceed the scope of leave to amend granted by this order, the court will strike the offending portions under Rule 12(f).").

## C.   Horton Has Violated Fed.R.Civ.P. 15(a)(2) By Improperly Adding A New Liability Theory Under Labor Code Section 2810.3 Without Leave Of Court.

As with Horton's two newly added plaintiffs, Horton has added new allegations under Labor Code section 2810.3 in violation of the Court's order. In response to Horton's assertion that she "needed" to file an SAC to add a theory of liability under section 2810.3, the Court specifically rejected that notion:

> Nowhere does Labor Code section 2810.3(d) state that Plaintiff is entitled to file a SAC or that a SAC must be filed to demonstrate exhaustive measures. Further, if Plaintiff "needs" to file an SAC, Plaintiff needs to do so by leave of the Court.

(Doc. No.30 at 5:10–12, emphasis added.)

Again, the Court's order permitting leave to file an SAC was narrow, providing that "Plaintiff may file a second amended complaint curing the deficiencies noted [in this order]." (Doc. No. 30 at 15:19–20, emphasis added.) But the Court did not describe any allegations under Labor Code section 2810.3 as deficient. (*See id.* at 5:4–17.) Nor could the Court have done so because Horton specifically stated in her FAC that she was not bringing her claims under section 2810.3. (Doc. No. 15 at ¶ 9 (alleging that "Plaintiffs pursue the claims alleged in this Complaint against Defendant NEOSTRATA solely upon common law theories of joint liability.").)

Horton disregarded the Court's order and added this new liability theory under Labor Code section 2810.3 without leave of Court. For this reason, Horton's new theory of liability under section 2810.3 should be stricken. *See, e.g.*, *Freeney*, 2015 U.S. Dist. LEXIS 92848, at *93; *Davis v. Macey*, 2013 U.S. Dist. LEXIS 27421, at *5 (N.D. Ind. Feb. 28, 2013) (granting motion to dismiss where "the time for Plaintiff to amend her pleading as a matter of course ha[d] expired and Defendants ha[d] not given consent to an amendment containing claims or allegations other than those allowed by the Court in its Order [dismissing portions

of Plaintiff's first amended complaint]. Accordingly, Plaintiff must [have sought] leave of Court to amend her Complaint to add any new claims or allegations other than the claim . . . for which the Court granted leave to add.")

> **D.** **Despite Amending Her Complaint Twice, Horton Still Has Not Presented Any Factual Allegations That Would Establish That NeoStrata Is Liable On Alter Ego, Agency, Integrated Enterprise, Or Joint Venture Grounds.**

In its order dismissing Horton's FAC, the Court held that "Plaintiff has not pled any facts that, accepted as true, could establish the elements of alter ego liability, and has not presented evidence to the Court that proves that any of the Defendants were under the direction and/or control of the others." (Doc. No. 30 at 6:14–17.) Horton has not set forth any new factual allegations in her SAC that would plausibly plead a claim under alter ego, agency, integrated enterprise, or joint venture theories of liability. (*See* Doc. No. 36 at ¶ 25.)

The party asserting alter ego liability bears the burden of establishing it. *See U.A. Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *See, e.g.*, *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). As with her FAC, Horton still "has not pled any facts that, accepted as true, could establish the elements of alter ego liability, and has not presented evidence to the Court that proves that any of the Defendants were under the direction and/or control of the others." (Doc. No. 30 at 6:14–17.)

"In California, '[t]he law indulges no presumption that an agency exists but instead presumes that a person is acting for himself and not as agent for another.'" *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 882 (N.D. Cal. 2010) (quoting *Walsh v. Am. Trust*, 7 Cal. App. 2d 654, 659 (1935)). "An agency is either actual or ostensible." Cal. Civ. Code § 2298. Agency is actual where the

"agent is really employed by the principal." Cal. Civ. Code § 2299. Where a "principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess" authority, the agency relationship is said to be "ostensible." *Id.* Here, Horton has failed to plead facts that would establish either actual or ostensible agency. (*See* Doc. No. 36 at ¶ 25.) Thus, Horton's agency theory of liability should be stricken. *See Davenport* at 883 ("without any facts to support the notion that [one defendant] was an employee of one or all defendants, this claim cannot survive a motion to dismiss.").

"When applying the [integrated enterprise] test, courts consider four factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1005 (E.D. Cal. Feb. 1, 2013) Here, Horton has failed to plead facts that would establish that NeoStrata and the 24 SEVEN Defendants are an integrated enterprise. (*See* Doc. No. 36 at ¶ 25.) Thus, Horton's integrated enterprise theory of liability should be stricken.

It is well established that "conclusory allegation[s] of a joint venture [are] plainly insufficient." *Nichols v. Greenpoint Mrtg. Funding, Inc.*, 2008 U.S. Dist. LEXIS 87644, at *9 (C.D. Cal. Aug. 19, 2008); *accord Barkett v. Sentosa Props. LLC*, 2015 U.S. Dist. LEXIS 78035, at *20 (E.D. Cal. June 15, 2015) ("Plaintiffs' assertion that the parties were 'joint venturers' is a legal conclusion unsupported by facts."). The elements necessary for the creation of a joint venture are "(1) a joint interest in a common business; (2) an understanding to share profits and losses; and (3) a right to joint control." *Nichols* at *9. Here, Horton has failed to plead facts that would meet each of these elements. (*See* Doc. No. 36 at ¶ 25.) Thus, Horton's joint venture theory of liability should be stricken.

Because Horton has failed to allege facts that would establish her alter ego, agency, integrated enterprise, or joint venture theories of liability, each of these theories should be stricken. She has had ample opportunity to present such factual

- 16 -

allegations. At this stage, it is clear she cannot.

### E. Horton Once Again Has Impermissibly Lumped NeoStrata Together With Five Other Defendants Without Distinguishing Between The Allegedly Unlawful Conduct Of Each.

In its order dismissing Horton's FAC, the Court reaffirmed that the "purpose of Federal Rule of Civil Procedure 8, and its requirement that allegations be pled with sufficient specificity, is to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. (Doc. No. 30 at 7:5–8 (citing Fed. R. Civ. P. 8; *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, No. 14-CV-02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015) ("As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'"); *Gen–Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[A] complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'").)

The Court found that Horton's FAC "unacceptably group[ed] all eight Defendants together and either ple[d] the claims using the omnibus label 'DEFENDANT EMPLOYER' or simply 'Defendants.'" (Doc. No. 30 at 7:20–24.) Plaintiff defined "DEFENDANT EMPLOYER" in the FAC as "the named Defendants." (Doc. No. 15 at ¶ 20.)

In Horton's SAC, Horton still has impermissibly lumped all named defendants together again.[8] Horton's group-pleading in her FAC is no different

---

[8] As explained above, the named defendants in this case are now NeoStrata on the one hand and on the other the five remaining defendants who are collectively referred to as the "24 SEVEN Defendants." (Doc. No. 36 at ¶¶ 18, 26.)

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

than in her SAC. She has merely substituted one term that lumps Defendants together for another. Where the FAC had used the term "DEFENDANT EMPLOYER" (i.e., the named Defendants that consist of NeoStrata and the 24 SEVEN Defendants), the SAC now group-pleads these two groups of defendants as a pair in each substantive allegation of unlawful conduct. (*See, e.g.*, Doc. No. 36 at ¶ 90 ("NEOSTRATA and 24 SEVEN Defendants should have paid [Winston] an additional 60 minutes on the low side for her intraday travel between work assignments for which time she was prohibited from putting her travel time down on her timesheet"); *see also id.* at ¶¶ 91–94.)

In its order dismissing Horton's FAC, the "Court agree[d] with Defendant NeoStrata in that Plaintiff may not group NeoStrata with the other Defendants given that, as established above, Plaintiff has failed to establish alter ego liability." Ignoring the Court's order, the SAC still groups NeoStrata with the other Defendants – i.e., the "24 SEVEN Defendants." Alleging that "NEOSTRATA and 24 SEVEN Defendants" engaged in some unlawful action is no different than alleging that "DEFENDANT EMPLOYER" did the same. And because Horton still has failed to establish alter ego liability, her group-pleading still violates Fed.R.Civ.P. 8 because she has failed to put NeoStrata on notice of the wrong it allegedly committed so that it can adequately defend itself. (*See* Doc. No. 30 at 7:3–8.)

Even if the Court were to find that Horton's allegations supported a joint employer theory of liability, "a plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each." *Freeney*, 2015 U.S. Dist. LEXIS 92848, at \*57 (emphasis added). As NeoStrata explained in its motions to dismiss the original Complaint and the FAC,[9] the California Court of Appeal's decision in *Noe v. Superior Court*, 237 Cal. App. 4th

---

[9] Doc. No. 8-1 at 14:10–26; Doc. No. 19-1 at 13:26–14:15.

FIRM:40752754v1    Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

316 (2015), highlights the need for Horton to set forth separately the factual allegations as to <u>each</u> defendant rather than refer to their alleged unlawful conduct as only a group action – i.e., "NEOSTRATA and 24 SEVEN Defendants." The *Noe* Court made clear that unless provided by the language in a particular Labor Code provision, purported "joint employers" are not vicariously liable for alleged Labor Code violations. Specifically, the *Noe* Court explained: "We are aware of no authority suggesting that, under California law, joint employers are generally treated 'as if they were each other's agents' or that joint employers are normally held jointly liable for Labor Code violation[s] committed by a coemployer." *Noe* at 332. As such, Horton must plead separately allegations showing that each defendant engaged in unlawful conduct as to her and others. She has again failed to do so.

Because there generally is no vicarious liability, and because Horton is unable to plead sufficient allegations of Labor Code violations against one defendant or the other, then her claims may not proceed against that defendant. And because she has demonstrated she is unable to plead sufficient allegations as to any defendant, her claims may not proceed at all.

In its order dismissing Horton's FAC, the Court held, "Given that Plaintiff's complaint has failed the essential function of providing Defendant NeoStrata with appropriate notice, the Court **GRANTS** Defendant NeoStrata's motion and **DISMISSES** Plaintiff's FAC in its entirety." (Doc. No. 30 at 7:24–27 (emphasis in original).) The same result should apply for Horton's SAC because she still has failed to meet her requirement under Fed.R.Civ.P. 8 to state a claim against NeoStrata.

**F.      <u>Even If The Court Were To Permit Zdanek To Be Added To This Action, She Has Failed To State An Overtime Claim.</u>**

As explained above, Horton violated Fed.R.Civ.P. 15(a)(2) by adding Zdanek as a new plaintiff in this action without having leave from the Court to do

- 19 -

1   so. Thus, Zdanek should be dismissed or stricken from this action. But even if the

2   Court were to permit Zdanek to be added to this action, she has failed to plead

3   facts sufficient to state an overtime claim.

4       In its order dismissing Horton's FAC, the Court found that Horton did "not

5   even provide specific facts to prove that an excess of eight hours a day or forty

6   hours a week was worked to trigger the overtime pay requirements." (Doc. No. 30

7   at 8:28–9:2.) This Court's holding was consistent with *Landers*, where the Ninth

8   Circuit held that in order to state a violation under the FLSA, "at a minimum the

9   plaintiff must allege at least one workweek when he worked in excess of forty

10  hours and was not paid for the excess hours in that workweek, or was not paid

11  minimum wages." *Landers*, 771 F.3d at 646. Although discussed in the context of

12  FLSA claims, the reasoning of *Landers* applies to California Labor Code claims

13  as well. *See, e.g.*, *Byrd v. Masonite Corp.*, 2016 U.S. Dist. LEXIS 23435, at *9

14  (C.D. Cal. Feb. 25, 2016) (applying *Landers* to overtime claims under the

15  California Labor Code); *Silva v. AvalonBay Communities, Inc.*, 2015 U.S. Dist.

16  LEXIS 140673, at *21–22 (C.D. Cal. Oct. 5, 2015) (same).

17      Now, the SAC fails to allege that Zdanek ever worked more than eight

18  hours in a day or forty hours in a week such that the overtime requirements under

19  Labor Code section 510(a) would be triggered. In the SAC, Zdanek provides two

20  examples where she purportedly suffered a wage violation. Neither shows an

21  overtime violation. In the first example, she claims to have worked six hours and

22  45 minutes of work in a day. (Doc. No. 36 at 16:18–17:2.) In the second example,

23  she claims to have worked seven hours and 15 minutes of work. (*Id.* at 17:3–11.)

24  Neither of these examples would be an overtime violation because neither would

25  exceed the eight-hour threshold. *See* Cal. Lab. Code § 510(a).

26      In light of the foregoing, even if she were properly a part of this action,

27  Zdanek's overtime claim cannot proceed. And because her counsel was well

28  aware of the requirement that a plaintiff alleging a Labor Code overtime violation

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

must allege at least the minimum of eight hours worked in a day or forty hours worked in a week to trigger an overtime violation (Doc. No. 30 at 8:28–9:2), Zdanek's overtime claim should be dismissed without leave to amend.

**G.**    **The Court Should Dismiss Or Strike Horton's Class And PAGA Claims Because   Horton's Proposed Class, Subclass, And Representative Action Definitions Still Are Not Readily Ascertainable And/Or Constitute Impermissible "Fail-Safe" Definitions.**

**1.**    **Horton Has Defined Her Proposed Class And Subclasses Using An Unascertainable Definition.**

As the courts have explained, "'in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable.'" *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)). A plaintiff "must establish that there exists a legally definable 'class' that can be ascertained through reasonable effort" and according to a "minimum standard of definiteness which will allow the trial court to determine membership in the proposed class." *Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (citations omitted). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Whiteway v. FedEx Kinko's Office and Print Services, Inc.*, 2006 WL 2642528, at *3 (N.D. Cal. Sept. 14, 2006) (emphasis added) (citing *DeBremaecker*, 433 F.2d at 734-735).

"A class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" *Viet. Veterans*, 288 F.R.D. at 211 (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). "Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry." Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* (4th ed. 2002) § 3:3.

Here, by defining the putative class and subclasses such that she would

represent persons who "worked" for "NEOSTRATA and[] 24 SEVEN Defendants" (i.e., jointly employed), Horton has proposed class and subclass definitions by which individualized analyses must be conducted in order to ascertain who would be in the class (and who would not) because an individual would qualify for membership only if he or she were jointly employed by NeoStrata and the 24 SEVEN Defendants. This fundamental defect in Horton's proposed class definition is fatal to Horton's class allegations in her SAC. *See, e.g.*, *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) (affirming dismissal of class action allegations where individualized inquiries would be required to determine whether each putative class member was a "qualified handicapped individual"); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (striking class allegations where "the class is not ascertainable because it includes members who have not experienced any problems with their iMac display screens").

Moreover, by defining the putative class as persons who "worked" for "NEOSTRATA []or 24 SEVEN Defendants," Horton has added a new defect via the "or" connector. As a result, there would be potential class members who do not have any claims against NeoStrata because they never performed work for NeoStrata. That is, there would be individuals who worked for only the 24 SEVEN Defendants and never worked for NeoStrata – but would somehow be part of a class with claims against NeoStrata. And the same is true as to persons who worked for NeoStrata but have no connection to the 24 SEVEN Defendants.

Each of Horton's alleged subclasses suffer from the same defect because each putative subclass member would be a member of the putative class. (Doc. No. 36 at 24:21–25:17.)

Horton has also proposed to define her UCL subclass as individuals "who worked for Defendants and who seek restitution . . . ." (Dkt. No. 36 at 25:15–17 (emphasis added).) By seeking to represent only those individuals who seek

restitution, she does not seek to represent those who do not seek such restitution. And determining who seeks restitution and who does not would be an individualized inquiry as to each individual who ever worked for NeoStrata or the 24 SEVEN Defendants.

NeoStrata raised the defects regarding Horton's proposed class and subclass definitions in its motions to dismiss Horton's original Complaint and FAC.[10] But Horton has failed to cure these defects in her SAC. Given her ongoing inability to satisfy basic pleading requirements, Horton's class allegations should be stricken without leave to amend. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)) (the court has "particularly broad" discretion to deny leave to amend where the plaintiff has previously filed an amended complaint).

### 2.   Horton Has Defined Her Representative Action Using Unascertainable, Fail-Safe Definitions.

"The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. App'x 734, 736 (9th Cir. 2010). "A fail-safe class 'include[s] only those who are entitled to relief.'" *Van Lith v. iHeartmedia + Entm't, Inc.*, 2016 U.S. Dist. LEXIS 96853, at *13 (E.D. Cal. July 25, 2016) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)). "This is so because under a fail-safe class definition '[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment.'" *Van Lith* at *13 (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)).

---

[10]Doc. No. 8-1 at 22:17–25:17; Doc. No. 19-1 at 19:4–21:11; Doc. 25 at 10:1–8.

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

Here, Horton has defined Group I and Group III[11] of her representative PAGA action using fail-safe definitions. Rather than seeking to represent all non-exempt employees, Horton instead seeks to represent only those persons "who should have received all their wages as required by California law" (Doc. No. 36 at 21:10–16), excluding those who did receive all their wages due; and "who are entitled to PAGA penalties and related remedies for Defendant NEOSTRATA and/or 24 SEVEN Defendants' violations of the California Labor Code" (*id.* at 21:22–22:2), excluding those who are not entitled to PAGA penalties. As a result, the Court should strike Horton's proposed Group I and Group III representative action definitions. *See, e.g.*, *Van Lith*, 2016 U.S. Dist. LEXIS 96853, at *12–16 (striking impermissible "fail-safe" class definition that "would include only individuals whose wage statements violated § 226(a)").

Moreover, these definitions suffer from the same ascertainability defects as the proposed class and subclasses in that Horton has defined the purportedly "aggrieved employees" such that she would represent persons who were employed by "NEOSTRATA <u>and/or</u> 24 SEVEN Defendants" – i.e., either jointly employed or employed by NeoStrata but pursuing claims against 24 SEVEN Defendants or vice versa.

NeoStrata raised the defects regarding Horton's proposed Group I and Group III definitions in its motion to dismiss Horton's FAC. (Doc. 19-1 at 21:20–28) But Horton has failed to cure these defects in her SAC. Given her ongoing inability to satisfy basic pleading requirements, Horton's representative action allegations should be stricken without leave to amend. *See Miller*, 358 F.3d at 622 (citing *Chodos*, 292 F.3d at 1003).

As Plaintiff's proposed definitions remain impermissible despite multiple

---

[11]NeoStrata is not referenced in Horton's proposed Group II definition. (*See* Doc. No. 36 at 21:17–21.)

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB

opportunities to amend her Complaint, her class and PAGA claims should be dismissed. Alternatively, her class and PAGA allegations should be stricken. Either way, these claims may not proceed.

### H. Even If The Court Were To Permit Horton To Add A Liability Theory Under Labor Code Section 2810.3 And Find That Her Putative Class And Subclass Definitions Were Permissible, Horton's Class Allegations Under Section 2810.3 Cannot Precede January 1, 2015, When That Section Went Into Effect.

Labor Code section 2810.3 went into effect on January 1, 2015. Cal. Stats 2014 ch 728 § 1 (AB 1897). Nevertheless, Plaintiff seeks recovery under section 2810.3 for the putative class for all alleged Labor Code violations dating back to July 2012. (Doc. No. 36 at 24:11–17.) Even if the Court were to permit Horton to add a liability theory under section 2810.3 despite neither seeking nor obtaining leave of court to do so, and even if the Court were to find that Horton's proposed class and subclass definitions were otherwise permissible, Horton's class allegations should still be stricken to the extent Horton seeks recovery under section 2810.3 for alleged violations occurring before January 1, 2015, when section 2810.3 went into effect.[12]

## IV. CONCLUSION

For the foregoing reasons, NeoStrata prays that this motion be granted without leave to amend.

DATED:  December 20, 2016                    EPSTEIN BECKER & GREEN, P.C.

By:    /s/ Michael S. Kun
       Michael S. Kun
       Kevin D. Sullivan
       Attorneys for Defendant
       NEOSTRATA COMPANY, INC.

---

[12]Nothing in Labor Code section 2810.3 states – or even suggests – that it is intended to be retroactive.

FIRM:40752754v1   Memorandum in Support of Defendant NeoStrata Company, Inc.'s
Motion to Dismiss or Strike Plaintiff's SAC – Case No. 3:16-cv-02189-AJB-JLB