UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDLE HORTON, KIMBERLEE WINSTON, and JEANETTE ZDANEK, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEOSTRATA COMPANY INC., a Delaware corporation; 24 SEVEN INC., a New York Corporation; 24 SEVEN EMPLOYMENT INC., a New York corporation, ET. AL.,<br><br>Defendants. | Case No.: 3:16-CV-02189-AJB-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(Doc. No. 38)** |

Presently before the Court is Defendant NeoStrata Company Inc.'s ("Defendant NeoStrata") motion to dismiss Candle Horton, Kimberlee Winston, and Jeanette Zdanek's (collectively referred to as "Plaintiffs") second amended complaint ("SAC") or strike portions thereof. (Doc. No. 38.) On January 11, 2017, Plaintiffs filed an opposition, (Doc. No. 43), and on January 18, 2017, Defendant NeoStrata replied. (Doc. No. 44.) Having reviewed the parties' arguments and controlling legal authority and pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the motion hearing set for February 16, 2017, is hereby vacated.

1  For the reasons set forth below, the Court **GRANTS** Defendant NeoStrata's motion to
2  dismiss Plaintiffs' SAC.

## BACKGROUND

4     The following facts are taken from the SAC and construed as true for the limited
5  purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1247
6  (9th Cir. 2013).
7     Plaintiffs, on behalf of themselves and all class members, brought a suit against
8  Defendant NeoStrata and 24 Seven Defendants. (Doc. No. 36.) Six Defendants comprise
9  "24 Seven Defendants": 24 Seven LLC, 24 Seven Employment Inc., 24 Seven Staffing
10 LLC, 24 Seven Talent California LLC DBA 24 Seven Creative Solutions, 24 Seven
11 Recruiting LLC, and Celeste Gudas. (*Id.* ¶ 26.) Defendant 24 Seven LLC provides
12 temporary labor to Defendant NeoStrata. (*Id.* ¶ 3.) Defendant NeoStrata "employ[s]
13 thousands of nonexempt employees, including the named Plaintiffs, in California to sell its
14 skincare products." (*Id.* ¶ 4.) The specific roles of the other parties included in "24 SEVEN
15 Defendants" are unclear. (*See id.* ¶¶ 18-29.)
16    On or about October 1, 2015, Tim Dunn, the San Diego Account Executive for
17 "Exuviance Skincare," a product owned and sold by Defendant NeoStrata, asked Plaintiff
18 Horton to join his sales team. (*Id.* ¶¶ 47-49.) Plaintiff Horton was asked to sell Exuviance
19 products as a non-exempt Freelance Beauty Advisor and be paid $25 an hour regardless of
20 her sales. (*Id.* ¶¶ 49, 50.) Mr. Dunn also informed Plaintiff Horton that she would report to
21 him for work assignments, be required to travel using her personal vehicle, and have to sell
22 Exuviance products exclusively. (*Id.* ¶ 51.) Plaintiff Horton accepted the job and worked
23 selling Exuviance until she was let go on December 18, 2015. (*Id.* ¶¶ 53, 66.) Similarly,
24 Plaintiff Winston sold Exuviance products for Defendant NeoStrata starting on October
25 17, 2015, until she was terminated on April 13, 2016, and Plaintiff Zdanek started work
26 with Defendant NeoStrata on November 1, 2015, till January 30, 2016, when she was
27 likewise terminated. (*Id.* ¶¶ 54, 58, 67, 68.)
28

Plaintiffs contend that Defendant NeoStrata and 24 Seven Defendants required Plaintiffs, and other similarly aggrieved employees, to travel to more than one work site in the same day in their personal vehicles without compensation for their travel time, parking, or mileage. (*Id.* ¶¶ 76, 80, 88, 90, 106.) Additionally, Plaintiffs claim that Defendant NeoStrata and 24 Seven Defendants required Plaintiffs to attend weekly 30-minute phone calls, work from home, and use their personal computers, cellphones, and home internet, all without compensation. (*Id.* ¶¶ 99, 104-106.) Lastly, Plaintiffs attest that upon their termination, Defendant NeoStrata and 24 Seven Defendants failed to pay Plaintiffs their final paycheck in a timely manner. (*Id.* ¶ 123.)

On July 20, 2016, Plaintiff Horton first filed a complaint in the Superior Court of California, San Diego County. (Doc. No. 1-2.) On August 29, 2016, 24 Seven Defendants removed Plaintiff Horton's Complaint to this Court. (Doc. No. 1 at 1.)[1] On September 2, 2016, Defendant NeoStrata filed a motion to dismiss or strike portions of Plaintiff Horton's Complaint. (Doc. No. 8.) On September 15, 2016, Plaintiff Horton filed her first amended complaint ("FAC"). (Doc. No. 15.) On September 29, 2016, Defendant NeoStrata filed its second motion to dismiss, (Doc. No. 19), which was granted on November 22, 2016. (Doc. No. 30.)

On December 12, 2016, Plaintiff Horton, along with added Plaintiffs Winston and Zdanek, filed their SAC. (Doc. No. 36.) Plaintiffs' SAC alleges causes of action for: (1) Failure to Pay State Overtime Wages; (2) Failure to Pay State Minimum/Regular Wages; (3) Failure to Make Payments Within the Required Time; (4) Violation of Labor Code § 226; (5) Failure to Maintain Required Records in Violation of California Labor Code § 1174; (6) Failure to Indemnify/Reimburse Business Expenses in Violation of California Labor Code § 2802; (7) Remedies Under Private Attorney General Act (PAGA California Labor Code §§ 2698, 2699); and (8) Unfair Business Practices in Violation of California

---

[1] Page numbers are in reference to the automatically generated CM/ECF page numbers and not the numbers listed on the original document.

Business and Professional Code §§ 1700 and 17200.[2] (*See generally* Doc. No. 36.) On December 20, 2016, Defendant NeoStrata filed the present motion to dismiss. (Doc. No. 38.)

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

## **DISCUSSION**

Defendant NeoStrata argues that Plaintiffs' SAC should be dismissed in its entirety because Plaintiffs fail to plead plausible facts beyond the mere conclusory and

---

[2] Plaintiffs only bring their first, second, third, seventh, and eighth causes of action against Defendant NeoStrata. (Doc. No. 36 at 28-45.)

impermissibly lumps Defendant NeoStrata and 24 Seven Defendants together. (Doc. No. 38-1 at 9.) Defendant NeoStrata also contends that Plaintiffs have not set forth any new factual allegations in the SAC that would plausibly plead that Defendant NeoStrata is liable with 24 Seven Defendants under theories of alter ego, agency, integrated enterprise, or joint venture. (*Id.* at 22.)

In direct contrast, Plaintiffs assert that the written agreement[3], and the emails sent between Defendant NeoStrata's management and Plaintiffs, all clearly demonstrate that Defendant NeoStrata is a joint employer as established by California Labor Code § 2810.3. (Doc. No. 43 at 12-13.) However, Plaintiffs' Opposition is devoid of any arguments to contest Defendant NeoStrata's assertions that no liability exists under theories of agency, joint venture, alter ego, or integrated enterprise. (*See generally* Doc. No. 43.) For the reasons set forth more fully below, the Court **GRANTS** Defendant NeoStrata's motion to dismiss Plaintiffs' SAC.

### A. Plaintiffs Addition of Two New Plaintiffs and a New Theory of Liability Complied with Federal Rule of Civil Procedure 15

In the interests of judicial economy, the Court first turns to Defendant NeoStrata's contention that Plaintiff Horton was only allowed a narrow scope to amend her complaint, which did not include adding a claim under the California Labor Code, or two new plaintiffs. (Doc. No. 38-1 at 11.) In the Court's Order granting Defendant NeoStrata's motion to dismiss Plaintiff Horton's FAC, the Court dismissed the FAC *without prejudice* and granted Plaintiff Horton leave to file a SAC "curing the deficiencies noted herein." (Doc. No. 30 at 15.) Thus, contrary to Defendant NeoStrata's assertion, Plaintiff Horton was granted leave to amend by the Court.[4]

---

[3] Plaintiffs attach this "written agreement" as Exhibit One to their SAC. (Doc. No. 36 at 49.) The Court notes that it is unsure if this is a contract, agreement, or a paystub.

[4] The Court notes that it finds that Defendant NeoStrata has misunderstood the Court's November 22, 2016 Order. For clarity, the Court highlights that when dismissing Plaintiff Horton's FAC, the Court granted Plaintiff leave to amend. However, the Court's statement in regards to receiving leave to add her

1    Moreover, because of the strong federal policy favoring resolution of cases on their
2    merits, leave to amend should be freely granted unless the opposing party can make a
3    showing of unfair prejudice, or bad faith on the part of the moving party. *See Martinez v.*
4    *Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) *overruled in part on other grounds*.
5    Thus, finding that the Court granted Plaintiff Horton leave to amend, and did not expressly
6    place limitations on the types of amendments to be made, the Court will allow Plaintiffs'
7    addition of the two new Plaintiffs, and the additional liability theory under Labor Code §
8    2810.3.[5] *See Grier v. Brown,* 230 F. Supp. 2d 1108, 1111–1112 (N.D. Cal. 2002) (finding
9    that as the court placed no restrictions on the types of amendments that could be made,
10   plaintiff was allowed to name two new defendants and assert a new state law cause of
11   action as it was compliant with Federal Rule of Civil Procedure 15(a)).

**B.    California Labor Code § 2810.3**

13   Next, the Court turns to Plaintiffs' arguments that Defendant NeoStrata is a joint
14   employer with 24 Seven Defendants under Labor Code § 2810.3. (Doc. No. 36 ¶¶ 31-46.)
15   Plaintiffs assert that because 24 Seven Defendants indirectly identify Defendant NeoStrata
16   as one of 24 Seven Defendants' clients via Johnson & Johnson ownership, that this is direct
17   evidence that Defendant NeoStrata is a "client employer" and 24 Seven Defendants are
18   "labor contractors" within the meaning of Labor Code § 2810.3. (*Id.* ¶ 38.) Plaintiffs then
19   contend that the written agreement between Defendant NeoStrata and 24 Seven Defendants
20   that identifies 24 Seven Defendants as the "contractor," and Defendant NeoStrata as the
21   "client" further establishes that Defendant NeoStrata is a joint employer with 24 Seven
22   Defendants. (*Id.* ¶ 39-42.)

23   California Labor Code § Section 2810.3 provides that a "client employer shall share
24   with a labor contractor all civil legal responsibility and civil liability for all workers

---

Labor Code cause of action was in response to Plaintiff Horton's argument that § 2810.3 afforded her the right to amend her complaint, which the Court found it did not.

[5] The Court notes that the addition of the two new Plaintiffs is also consistent with Federal Rules of Civil Procedure 20. Additionally, the Court also considers Plaintiffs' additional labor code theory to be an attempt to cure a deficiency in the FAC.

1  supplied by that labor contractor for . . . the payment of wages." Cal. Labor Code §
2  2810.3(b).[6] Section 2810.3 defines client employer as a "business entity, regardless of its
3  form, that obtains or is provided workers to perform labor within its usual course of
4  business from a labor contractor." *Id.* § 2810.3(a)(1)(A). Labor contractor is defined as "an
5  individual or entity that supplies, either with or without a contract, a client employer with
6  workers to perform labor within the client employer's usual course of business." *Id.* §
7  2810.3(a)(3). Usual course of business means the "regular and customary work of a
8  business, performed within or upon the premises or worksite of the client employer." *Id.* §
9  2810.3(a)(6).

Upon review of the parties' arguments, the allegations in the FAC, and the exhibits attached to Plaintiffs' SAC, the Court finds Plaintiffs have failed to allege that Defendant NeoStrata is a joint employer with all six of the 24 Seven Defendants under Labor Code § 2810.3. A review of the written agreement provided by Plaintiffs shows that it is between Defendant NeoStrata and 24 Seven Inc., which is only one of the six 24 Seven Defendants at issue in this matter. Though Plaintiffs' SAC pleads that all of the 24 Seven Defendants are so interrelated that each Defendant is an acting agent, joint venture or alter ego for the other, the Court finds Plaintiffs' SAC to be devoid of any facts to support this allegation. (Doc. No. 36 ¶ 26.)

Furthermore, the emails attached to the SAC also fail to allege that 24 Seven Defendants are labor contractors pursuant to § 2810.3. The Court highlights that the emails provided by Plaintiffs only show discussions between Defendant NeoStrata employees and Plaintiffs. (*Id.* at 52-102.) Thus, the emails only demonstrate how Defendant NeoStrata exercised control over Plaintiffs, but present no facts as to how 24 Seven Defendants are

---

[6] Defendant NeoStrata argues that as Labor Code § 2810.3 went into effect on January 1, 2015, that any allegations happening prior to 2015 should be stricken. (Doc. No. 38-1 at 32.) However, Plaintiffs in the instant action all began work in late 2015, thus Defendant NeoStrata's assertion is beside the point. Accordingly, the Court also need not decide whether Labor Code § 2810.3 applies retroactively.

labor contractors or related to the instant matter.[7] Accordingly, even construing the SAC's allegations as true and drawing all reasonable inferences therefrom in Plaintiffs' favor, Plaintiffs have failed to demonstrate that Defendant NeoStrata is a joint employer with 24 Seven Defendants. Thus, Plaintiffs' California Labor Code § 2810.3 claim is **DISMISSED WITHOUT PREJUDICE**.[8]

        ii.      Plaintiffs' Claims for Alter Ego Liability

Defendant NeoStrata argues that Plaintiffs have failed to bear the burden of establishing alter ego liability. (Doc. No. 38-1 at 22.) Plaintiffs make no argument in their Opposition to rebut Defendant NeoStrata's assertions. (*See generally* Doc. No. 43.)

To make out a prima facie case for "alter ego" one must establish: "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (citation omitted). "Factors that courts have found militated towards finding alter ego liability include commingling of assets, treatment of the assets of the corporation as the individual's own, failure to maintain corporate records, employment of the same employee and attorneys, undercapitalization, and use of the corporation as a shell for the individual." *See Orosa v. Therakos, Inc.,* No. C-11-2143 EMC, 2011 WL 3667485, at *6 (N.D. Cal. Aug. 22, 2011) (citation omitted).

Reviewing the allegations in the SAC, the Court finds that Plaintiffs have failed to provide facts to satisfy either of the two elements of alter ego liability. Plaintiffs allege that

---

[7] Plaintiffs argue that Defendant NeoStrata's failure to address the emails attached to the SAC is akin to admission of fault. (Doc. No. 43 at 12.) However, as stated above, a review of the fifty pages of emails only shows conversations between employees of Defendant NeoStrata and Plaintiffs, without any reference to 24 Seven Defendants. Thus, the Court disagrees with Plaintiffs' contention.

[8] The Court notes that Plaintiffs' Opposition asserts a variety of arguments in support of a finding of joint employer liability. (Doc. No. 43 at 12-17.) However, the cases cited in support of joint liability under Section 2810.3(d) are inapplicable to the matter at hand as they deal with independent contractor status, *see Wilson v. County of San Diego*, 91 Cal. App. 4th 977, 984 (2001), and special employer liability under the doctrine of respondeat superior for an employee's job-related torts, *see Marsh v. Tilley Steel Co.*, 26 Cal. 3d 486, 492 (1980).

based on information and belief that each Defendant was acting as an alter ego of the other Defendants. (Doc. No. 36 ¶ 25.) However, these conclusory allegations are not enough to successfully allege alter ego liability. *See Orosa*, 2011 WL 3667485, at *6 ("Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."). Here, Plaintiffs do not allege that 24 Seven Defendants were involved in the day-to-day operations of Defendant NeoStrata's company, nor does the SAC demonstrate how 24 Seven Defendants are so interrelated with Defendant NeoStrata that all of the companies are basically one entity. Moreover, Plaintiffs' SAC contains no facts to suggest that an inequitable result will occur if Defendant NeoStrata and 24 Seven Defendants are viewed as two separate entities instead of one. *Pac. Maritime Freight, Inc. v. Foster*, No. 10-cv-0578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010). In sum, the Court finds the SAC is lacking facts to withstand Defendant NeoStrata's motion to dismiss. As such, Plaintiffs' claim for liability under a theory of alter ego is **DISMISSED**.

   iii. Plaintiffs' Claims for Liability under Agency, Integrated Enterprise, and Joint Venture

Defendant NeoStrata also argues that Plaintiffs have not pled facts to establish that Defendant NeoStrata is jointly liable with 24 Seven Defendants under a theory of agency, integrated enterprise, or joint venture. (Doc. No. 38-1 at 23.) In their Opposition, Plaintiffs fail to refute Defendant NeoStrata's contentions.

Agency exists when the "agent is really employed by the principal" or "when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code §§ 2299, 2300. Integrated enterprise requires an analysis of four factors: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1005 (2013). Joint venture requires three elements: "(1) a joint interest in a common business; (2) an understanding to share profits and losses; and (3) a right to joint control." *Nichols v.*

*Greenpoint Mortg. Funding, Inc.*, No. SA CV 08-750 DOC (MLGx), 2008 WL 3891126, at *4 (C.D. Cal. Aug. 19, 2008).

Similar to Plaintiffs' claims for liability under alter ego, the Court finds Plaintiffs' claims under theories of agency, integrated enterprise, and joint venture to also be inadequately pled. In the SAC, Plaintiffs only summarily state that they are attempting to prove agency, integrated enterprise, or joint venture simply on information and belief. (Doc. No. 36 ¶ 29.) However, without alleging any facts to establish each element of the separate causes of liability, Plaintiffs fail to state a claim on which relief may be granted. Moreover, the Court notes that Plaintiffs' Opposition fails to even oppose Defendant NeoStrata's argument that these theories should be dismissed. Thus, the Court may take Plaintiffs' failure to dispute these issues as an admission of Defendant NeoStrata's arguments. *See Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 955, 963 n.5 (C.D. Cal. 2014). Accordingly, without more, Plaintiffs cannot proceed with these theories against Defendant NeoStrata.

In dismissing Plaintiffs' claims under alter ego, agency, integrated enterprises, and joint venture, the Court must determine whether to permit Plaintiffs leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment). Having afforded Plaintiff Horton leave to amend once before, and in light of the fact that Plaintiffs have failed to supply facts to support these arguments, or even dispute the arguments made by Defendant NeoStrata in their Opposition, the Court finds leave to amend to be inappropriate. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting a district court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend). As such, Plaintiffs' claims for liability under alter ego, agency, integrated enterprises, and joint venture as to Defendant NeoStrata and 24 Seven Defendants are **DISMISSED WITHOUT LEAVE TO AMEND**.

///

///

### C. Plaintiffs Impermissibly Group All Defendants Together

On a final note, Defendant NeoStrata argues that Plaintiffs' allegations must be dismissed because Plaintiffs' SAC still impermissibly groups Defendant NeoStrata together with the 24 Seven Defendants without distinguishing between the allegedly unlawful conduct of each. (Doc. No. 38-1 at 24.) In opposition, Plaintiffs contend that Defendant NeoStrata's argument lacks merit as the SAC distinguishes between Defendant NeoStrata and 24 Seven Defendants. (Doc. No. 43 at 17.)

The Court agrees with Defendant NeoStrata that Plaintiffs may not group it with the other 24 Seven Defendants given that, as established above, Plaintiffs have failed to establish a joint theory of liability. Again, the Court reiterates that the purpose of Federal Rule of Civil Procedure 8, and its requirements that allegations be pled with sufficient specificity, is to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. Fed. R. Civ. P. 8; *see Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)). Accordingly, Plaintiffs' group pleading is still impermissible.

Given that Plaintiffs' Complaint has failed to establish a joint theory of liability between Defendant NeoStrata and 24 Seven Defendants, the Court **GRANTS** Defendant NeoStrata's motion to dismiss. As a result, the Court will not analyze the remaining arguments made by Defendant NeoStrata in its motion to dismiss.

### CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Defendant NeoStrata's motion to dismiss is **GRANTED**
2. Plaintiffs' claims for liability under alter ego, agency, joint venture, and integrated enterprise are **DISMISSED WITH PREJUDICE**
3. Plaintiffs' claims for violation of Labor Code § 2810.3 is **DISMISSED WITHOUT PREJUDICE**

11

3:16-CV-02189-AJB-JLB

1  Because the Court finds that Plaintiffs' Complaint should be dismissed in its entirety, the
2  Court need not entertain Defendant NeoStrata's motion to strike. Plaintiffs may file a third
3  amended complaint curing the deficiencies herein within ***twenty-one days*** of this order's
4  issuance. Failure to do so will result in dismissal of this case with prejudice.

6  **IT IS SO ORDERED.**

7  Dated:  March 8, 2017

Hon. Anthony J. Battaglia
United States District Judge