UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CANDLE HORTON, KIMBERLEE
WINSTON, and JEANETTE ZDANEK,
individually and
on behalf of themselves and others
similarly situated,

Plaintiffs,

v.

NEOSTRATA COMPANY INC., a
Delaware corporation; 24 SEVEN
EMPLOYMENT INC., a
New York corporation, et. al.,

Defendants.

Case No.: 3:16-CV-02189-AJB-JLB

**ORDER:**

**(1) DENYING PLAINTIFFS'
MOTION TO REMAND; (Doc. No.
62)**

**(2) GRANTING IN PART AND
DENYING IN PART DEFENDANT
NEOSTRATA'S MOTION TO
DISMISS OR ALTERNATIVELY TO
STRIKE PORTIONS OF
PLAINTIFFS' THIRD AMENDED
COMPLAINT; AND
(Doc. No. 54)**

**(3) GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO STRIKE
(Doc. No. 74)**

Presently before the Court is Plaintiffs Candle Horton, Kimberlee Winston, and

Jeanette Zdanek's (collectively referred to as "Plaintiffs") motion to remand and motion to

strike, and Defendant NeoStrata Company Inc.'s ("Defendant NeoStrata") motion to dismiss. Having reviewed the parties' arguments and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matters suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion to remand, (Doc. No. 62), **GRANTS IN PART AND DENIES IN PART** Defendant NeoStrata's motion to dismiss or alternatively, to strike portions of Plaintiffs' third amended complaint ("TAC"), (Doc. No. 54), and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to strike. (Doc. No. 74.)

## BACKGROUND[1]

As the Court is already well-versed as to the alleged facts in this case, for the sake of brevity, the Court will only provide a brief summary of the events leading up to the institution of this action.

Plaintiffs, on behalf of themselves and all class members, brings this suit against Defendant NeoStrata and 24 Seven Defendants. (*See generally* Doc. No. 49.) 24 Seven Defendants[2] serves as a labor contractor for Defendant Neostrata and various other companies.[3] (*Id*. ¶ 36.) As a labor contractor, 24 Seven Defendants hired Plaintiffs and other class members to sell Defendant Neostrata's products at various retail locations in California. (*Id*.) Defendant Neostrata's main line of work is being the exclusive provider

_____

[1] The following facts are taken from the TAC and construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

[2] 24 Seven Defendants includes 24 Seven LLC (24 Seven Inc.'s successor), 24 Seven Staffing LLC (24 Seven Staffing Inc.'s successor), 24 Seven Talent California LLC DBA 24 Seven Creative Solutions (24 Seven Talent California Inc.'s successor), 24 Seven Recruiting LLC (24 Seven Recruiting Inc.'s successor), and their President and CEO Gudas. (Doc. No. 49 ¶ 35.) Plaintiffs contend that they are considered one company for liability purposes based on a Notice and Acknowledgement of Pay Rate and Payday form that lists the foregoing 24 Seven Companies together as the employer of Plaintiff Winston. (*Id*.)

[3] The Court notes that Plaintiffs also allege in their TAC that 24 Seven Defendants and Defendant Neostrata are partners and in a partnership agreement. (*Id*. ¶¶ 47–50.)

of "Exuviance" skin products. (*Id*. ¶ 45.)

In October of 2015, Plaintiff Horton received an unsolicited phone call, where she was asked and accepted to join a sales team to sell "Exuviance" products as a Freelance Beauty Advisor. (*Id*. ¶¶ 100–02.) Once hired, Plaintiff Horton was required to report to Mr. Tim Dunn and Ms. Megan Banister.[4] (*Id*. ¶ 105.) Plaintiff Horton's responsibilities included working at retail stores, malls, outlets, or boutique stores selling products. (*Id*. ¶¶ 93–94.) Plaintiff was informed that she would be paid $25.00 an hour regardless of the number of sales made. (*Id*. ¶ 103.)

Similarly, in October of 2015, Plaintiff Winston began working for 24 Seven Defendants before her employment with Defendant Neostrata began on May 16, 2014. (*Id*. ¶¶ 107–08.) In November of 2015, Defendant Neostrata and 24 Seven Defendants (collectively referred to as "Defendants") also hired Plaintiff Zdanek. (*Id*. ¶ 111.) Similar to Plaintiff Horton, both Plaintiffs Winston and Zdanek were paid hourly, reported directly to Mr. Dunn or Ms. Bannister, and had duties identical to the other named Plaintiffs. (*Id*. ¶¶ 109, 112–13.) As to all of the Plaintiffs, Defendant Neostrata via its managers, told Plaintiffs where to report for work, when to report to work, how much they were going to be paid per hour, and how long they were going to work. (*Id*. ¶ 122.)

Notably, Defendants also required Plaintiffs to regularly travel in their personal vehicles to more than one establishment in the same workday without compensation for their travel time. (*Id*. ¶ 137.) Plaintiffs allegedly questioned Defendants' management personnel if they would be reimbursed for their mileage or travel time, to which management responded in the negative.[5] (*Id*. ¶ 138.)

---

[4] Tim Dunn is the key account manager for Defendant Neostrata, and Megan Bannister is the Skincare Specialist for Exuviance Skincare. (Doc. No. 49 at 113, 115.)

[5] The Court notes that emails attached to Plaintiffs' TAC demonstrates the opposite. For example, an email from Tim Dunn to Plaintiff Winston states that she was to invoice him for the three hours of travel she accrued. (*Id*. at 80.) Additionally, in a separate email, another employee asks Plaintiff Winston to clock an extra hour on her time sheet to cover her gas expenses. (*Id*. at 84.)

In sum, Plaintiffs allege that (1) they were required to work more than forty hours a week; (2) Defendants failed to pay them for their intraday travel; (3) Defendants required Plaintiffs to not accurately record their time worked; (4) 24 Seven Defendants required Plaintiffs to work out of their home, use their personal computers, cell phones, and home internet without reimbursement; (5) Defendants failed to permit Plaintiffs from taking all meal and rest breaks required by law; and (6) 24 Seven Defendants failed to comply with California Sick Pay laws by failing to indicate on their paystubs or in a separate writing the number of sick pay hours Plaintiffs had accrued from the inception of their employment. (*Id.* ¶¶ 140–41, 165–66, 172, 186.)

## PROCEDURAL BACKGROUND

Plaintiff Horton first instituted this action in the Superior Court of California, San Diego County on July 20, 2016. (Doc. No. 1-2 at 3.) The case was subsequently removed to this Court on August 29, 2016. (Doc. No. 1.)[6] On September 2, 2016, Defendant Neostrata filed a motion to dismiss or strike portions of Plaintiff Horton's complaint. (Doc. No. 8.) On September 15, 2016, Plaintiff Horton filed her FAC. (Doc. No. 15.) On September 29, 2016, Defendant NeoStrata filed a motion to dismiss or strike portions of Plaintiff Horton's FAC, (Doc. No. 19), which was granted on November 22, 2016. (Doc. No. 30.) On December 12, 2016, Plaintiffs filed their second amended complaint. (Doc. No. 36.) On December 20, 2016, Defendant Neostrata filed its second motion to dismiss, (Doc. No. 38), which was granted on March 8, 2017. (Doc. No. 46.)

On March 30, 2017, Plaintiffs filed their TAC. (Doc. No. 49.) In their TAC, Plaintiffs allege violations of (1) failure to pay state overtime wages; (2) failure to pay state minimum/regular wages; (3) failure to make payments within the required time; (4) violations of Labor Code § 201.3; (5) meal and rest break violations; (6) violation of Labor Code § 226; (7) failure to maintain required records in violation of California Labor Code

---

[6] Page numbers are in reference to the automatically generated CM/ECF page numbers and not the numbers listed on the original document.

§§ 1174; (8) failure to indemnify/ reimburse business expenses in violation of California Labor Code § 2802; (9) remedies under the Private Attorney General Act ("PAGA") California Labor Code §§ 2698, 2699, *et seq.*; and (10) unfair business practices in violation of California Business & Professional Code §§ 17000 and 17200 *et seq.* (*Id.*) In response, Defendant Neostrata filed the present motion its motion to dismiss or alternatively, to strike portions of Plaintiffs' TAC on April 13, 2017. (Doc. No. 54.)

Subsequently, on May 2, 2017, Plaintiffs filed a motion to remand. (Doc. No. 62.) On May 11, 2017, 24 Seven Defendants filed their amended answer to Plaintiffs' TAC. (Doc. No. 68.) In response, Plaintiffs filed a motion to strike 24 Seven Defendants' amended answer on May 31, 2017. (Doc. No. 74.)

<u>LEGAL STANDARD</u>

**A.    Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotation marks and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court

5

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court as long as original jurisdiction would lie in the court to which the action is removed. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). According to the ninth circuit, courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt as to the removability of an action should be resolved in favor of remanding the case to the state court. *Id*.

### C. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), on its own or by motion, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court must view the pleadings in the light most favorable to the non-moving party . . . ." *Cal. Dept. of Toxic Substances Control v. Alco Pac. Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (citation omitted).

### DISCUSSION

### A. Motion to Remand

In the interests of judicial economy, the Court will first turn to Plaintiffs' motion to remand. Plaintiffs argue that 24 Seven Defendants have failed to meet their burden to show that this case is subject to federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). (Doc. No. 62-1 at 2.) Specifically, Plaintiffs argue that 24 Seven Defendants

have failed to make a strong showing that the number of class members exceeds 100 and that the amount in controversy exceeds $5,000,000. (*Id*.) In opposition, Defendants argue that Plaintiffs' motion to remand fails as Plaintiffs offer no evidence to support their challenge to 24 Seven Defendants' amount in controversy. (Doc. No. 69 at 17–19; Doc. No. 70 at 28–30.)

### i.   Plaintiffs' Failure to Provide Evidence Challenging Jurisdiction

First, the Court will turn to both parties' contentions that Plaintiffs have failed to submit proof illustrating whether the amount in controversy has been satisfied. (Doc. No. 69 at 17–19; Doc. No. 70 at 28–30.) Plaintiffs retort that the Ninth Circuit has long held that the burden in showing whether the amount in controversy requirement is met in CAFA is on the removing defendant. (Doc. No. 62-1 at 7; Doc. No. 71 at 7.)

Case law leaves little doubt that Plaintiffs are wholeheartedly mistaken in arguing that they have no burden at this juncture. Plaintiffs are correct that the Ninth Circuit in *Ibarra* v. *Manheim Inv., Inc.*, 775 F.3d 1193 (9th Cir. 2015), held that "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id*. at 1197. However, the Ninth Circuit in *Ibarra* also stated that if the "defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that <u>both sides submit proof</u> and the court then decides where the preponderance lies." *Id*. at 1198 (emphasis added). *See e.g., Dart Cherokee v. Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (same).

Based on the foregoing, the Court finds that Plaintiffs have failed to satisfy their burden. The only proof Plaintiffs have provided to the Court is contained in their reply brief, which succinctly states in two sentences that nowhere in their complaint do they allege that the total damages for the entire case exceeds $5,000,000. (Doc. No. 71 at 7.) This brief analysis fails to present a competing calculation or analysis of their potential

damages. Accordingly, as Plaintiffs have failed to satisfy their burden, their motion to remand is **DENIED**.[7]

**B.    Defendant Neostrata's Motion to Dismiss or in the Alternative to Strike**

Defendant Neostrata requests that this Court either dismiss or strike portions of Plaintiffs' TAC. (*See generally* Doc. No. 54.) Specifically, Defendant Neostrata moves the Court to strike (1) references to section 2810.3 from Plaintiffs' fifth cause of action; (2) paragraph 260 of the TAC; (3) references to Labor Code section 223 and 225.5; (4) references to alleged meal and rest period violations from Plaintiffs' UCL claim; and (5) Plaintiffs' class allegations. (Doc. No. 54-1 at 18–28.) Additionally, Defendant Neostrata moves to dismiss Plaintiffs' meal and rest period claims. (*Id*. at 19–21.)

    i.    Judicial Notice

As an initial matter, Defendant Neostrata requests in its reply brief that the Court take judicial notice of *Horton v. Socket Payment Services*, a class action complaint filed in California Superior Court by Plaintiff Horton, its subsequent first and second amended class complaints, and a copy of the civil minutes for the Order re: Defendant Rite Aid Corporation's Motion for Partial Judgment on the Pleadings and Motion to Exclude Claim for Waiting Time Penalties from the Pre-Trial Order in *Marine Bargas v. Rite Aide Corp.* (Doc. No. 67-1 at 1–2.) Defendant Neostrata contends that the documents they request judicial notice of confirm that it is Plaintiff Horton and her counsel's operation to file wage-hour class action complaints. (Doc. No. 67 at 6.)

---

[7] Based on Plaintiffs' failure to satisfy their burden, the Court will not analyze 24 Seven Defendants' additional contentions that Plaintiffs' complaint concedes the numerosity requirement, that the removal declaration and 24 Seven Defendant's answer do not destroy CAFA jurisdiction, and that 24 Seven Defendants have established the CAFA requirements, (Doc. No. 69 at 11–23,) or Defendant Neostrata's assertions that Plaintiffs are judicially estopped from challenging jurisdiction, and that 24 Seven Defendants have provided evidence demonstrating that the amount in controversy far exceeds $5,000,000. (Doc. No. 70 at 14–31.)

Despite the fact that courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue," *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992), the Court notes that this request for judicial notice was presented for the first time in Defendant Neostrata's reply brief. Thus, Plaintiffs were not granted the chance to reply in writing. Accordingly, as the Court finds it unfair for Defendant Neostrata to save this request until its reply brief, the Court **DENIES** Defendant Neostrata's request for judicial notice. *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1284 (C.D. Cal. 2016).

ii.   Leave to Add Meal or Rest Period Claims

Next, the Court turns to a procedural matter. Defendant Neostrata contends that Plaintiffs' TAC, which asserts new meal and rest period claims, should be dismissed for failure to comply with the Court's orders. (Doc. No. 54-1 at 17.) For the following reasons, the Court concludes that these amendments are proper.

Federal Rule of Civil Procedure ("FRCP") 15(a) states that a party may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a). Rule 15(a) further provides that the Court should "freely give leave when justice so requires." *Id.* at (a)(2). This policy regarding leave to amend is to be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, the Court granted Plaintiffs leave to file a third amended complaint "curing the deficiencies herein." (Doc. No. 46 at 12.) Thus, Plaintiffs were granted leave to amend their pleading by leave of court. Furthermore, while the Court did specify that Plaintiffs were to address the deficiencies in their second amended complaint, the Court did not place any limitations on the types of amendments that could be made. Additionally, FRCP 18(a) allows a party to assert "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, the addition of Plaintiffs' new meal and rest period claims are proper. *See Grier v. Brown*, 230 F. Supp. 2d 1108, 1111–12 (N.D. Cal 2002) (holding that the addition of two new defendants and a new state law cause of action was consistent with

9

the FRCP and Rule 15(a) as the court placed "no limitations" on the types of amendments to be made).

### iii.    Motion to Dismiss

#### a.    Meal Period Claims against Neostrata

Defendant Neostrata makes two arguments in support of its motion to dismiss Plaintiffs' meal period claims. First, it asserts that it is not a joint employer with 24 Seven Defendants under the common law. (Doc. No. 54-1 at 19.) Second, it contends that even if it is a joint employer that Plaintiffs have failed to set forth separate factual allegations as to each of the Defendants. (*Id*. at 19–20.) Plaintiffs retort that their TAC clearly puts Defendant Neostrata on notice that it was the employer that gave Plaintiffs strict assignment schedules about which they now complain. (Doc. No. 58 at 8.)

"[T]he standards to determine whether [d]efendants are directly liable [as joint employers] are set out in *Martinez v. Combs*, 49 Cal. 4th 35 (2010), where the California Supreme Court held that the definition of 'employer' for minimum wage purposes is provided in the orders of California's Industrial Welfare Commission ("IWC")." *Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 994 (N.D. Cal. 2015). The IWC Wage Order provides three alternative definitions for the term "to employ." *Id*. It means (1) to exercise control over the wages, hours, or working conditions, or (2) to suffer or permit to work, or (3) to engage, thereby creating a common law employment relationship. *Id*.

Taking Plaintiffs' allegations as true, the Court finds that Plaintiffs have alleged sufficient facts to contend that Defendant Neostrata is a joint employer with 24 Seven Defendants under the common law. Plaintiffs plead that both Defendants recruit and supervise Plaintiffs, that they implemented several different policies regarding conditions of employment, they both paid Plaintiffs under a compensation plan and policy, and that they retained and exercised the right to terminate Plaintiffs and the putative class members. (Doc. No. 49 ¶¶ 62–67, 95–96.) Based on the foregoing, Plaintiffs' allegations establishes the plausibility that Defendant Neostrata is a joint employer with 24 Seven Defendants. *See Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D.

Cal. Mar. 2, 2009) ("While [the] plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, [the] plaintiff must at least allege *some* facts in support of this legal conclusion." (citation omitted)).

Next, as currently pled, the Court finds that Plaintiffs have adequately alleged specific facts that explain how each Defendant violated Plaintiffs' meal period claims. Defendant Neostrata contends that Plaintiffs' allegation that Plaintiff Winston "had just enough travel time allocated to her to allow her to report to the next assignments, which precluded her from taking an uninterrupted 30-minute meal break," (Doc. No. 49 ¶ 175), fails to specify which Defendants imposed such strict work assignments. However, the Court finds that though this sentence does not specifically identify one of the Defendants, the Court need only look to the preceding paragraphs in the TAC to see that Plaintiffs plead that both Defendant Neostrata and 24 Seven Defendants implemented and enforced policies that failed to permit Plaintiffs from taking all of their off-duty breaks. (*Id.* ¶ 172.) Logically, as these sentences are all placed under the same section titled "Meal and Rest Break Violations," the Court finds that Plaintiffs' TAC is sufficient to put each Defendant on notice that their alleged procedures failed to consider the rights of Plaintiffs to enjoy an uninterrupted meal break. Based on the foregoing, Defendant Neostrata's motion to dismiss this claim is **DENIED**.

### b. Rest Period Claims [8]

Defendant Neostrata claims that Plaintiffs have failed to identify a single day when it did not authorize or permit Plaintiffs to take a rest period. (Doc. No. 54-1 at 21.) Plaintiffs retort that the allegations as pled in the TAC, read together, present a plausible claim for rest break violations. (Doc. No. 58 at 10–12.)

---

[8] Section 226.7 states that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare commission . . . ." Cal. Lab. Code § 226.7(b).

Plaintiffs' rest break claim turns largely on Defendants' policies. (Doc. No. 49 ¶ 173.) For example, Plaintiffs suggest that Defendants required them to be available by phone for calls, texts, or email, and requested that Plaintiffs keep such devices on even during rest periods. (*Id*. ¶ 177.) Due to this, Plaintiffs contend that they were prevented from taking all of their uninterrupted rest breaks. (*Id*.) Moreover, Plaintiffs allege that as they often worked alone, taking a meal or rest break was at times impracticable as they had products on display that they could not leave unattended. (*Id*. ¶ 178.)

Based on these allegations, the Court finds that Plaintiffs have adequately pled why and how they were scheduled in a way that prevented them from taking proper rest breaks. Accordingly, Defendant Neostrata's motion to dismiss Plaintiffs' rest claim is **DENIED**. *See Varsam v. Laboratory Corp of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("[C]ourts have held that if an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods, there are sufficient grounds to find a violation of the California Labor Code.").

### iv.   Defendant Neostrata's Motions to Strike

As stated *supra* p. 6, a court may grant a motion to strike if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, the Court notes that "[w]hile a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Keeping this policy in mind, the Court now turns to Defendant Neostrata's motions to strike portions of Plaintiffs' TAC.

### a.   *Labor Code § 2810.3 Does not Support Meal and Rest Period Claims*

Defendant Neostrata asserts that as the labor contractor statute limits a client employer to only sharing civil liability for the payment of wages, that Plaintiff cannot use

section 2810.3 for meal and period claims.[9] (Doc. No. 54-1 at 18.) Plaintiffs retort that Defendant Neostrata has failed to satisfy the three elements in order to strike under Rule 12(f) and has not shown that the TAC's language alleging meal and rest period claims are "prejudicial." (Doc. No. 58 at 7.)

Under Labor Code § 2810.3, "[a] client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for . . . the <u>payment of wages</u>." Cal. Lab. Code § 2810.3(b)(1) (emphasis added).

Importantly, the Court first notes that it rejects the Rule 12(f) standard Plaintiffs use in their opposition brief. Plaintiffs contend that for Defendant Neostrata to successfully argue its motion to strike under Rule 12(f) that it needs to demonstrate that (1) no evidence in support of the contested allegations would be admissible at trial; (2) the allegations have no bearing on the relevant issues in the case; and (3) denying the motion to strike would prejudice the moving party. (Doc. No. 58 at 7.) The Court finds that neither the FRCP nor applicable case law support this standard. Moreover the cases Plaintiffs cite to support this argument fail to set forth such a test with those three elements.

Second, it is clear that section 2810.3 cannot support meal and rest period claims. Section 2810.3 specifically states that it is a claim for <u>payment of wages</u>. Cal. Lab. Code § 2810.3(b)(1) (emphasis added). In comparison "a section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for <u>nonprovision of meal or rest breaks</u>." *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1257 (2012) (emphasis added). Moreover, Plaintiffs readily concede in their opposition that Defendant Neostrata "correctly notes that Plaintiffs' Labor Code § 2810.3 allegations in Plaintiffs' meal and rest period claims are not directly relevant to their meal and rest period claims because such claims are not for the recovery of 'wages' under Labor Code § 2810.3." (Doc. No. 58 at 7.) Thus, finding section 2810.3 "immaterial" in that is has "no essential" relationship to

---

[9] Plaintiffs bring their meal period claim under Labor Code section 226.7. (Doc. No. 54-1 at 18.)

the meal and rest period claims, and concluding that Defendant Neostrata would be prejudiced from having to litigate a meritless cause of action, the Court **GRANTS** Defendant Neostrata's motion to strike from Plaintiffs' fifth cause of action any references to section 2810.3. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (citation omitted).

> b. *Waiting Time Penalties Based Upon Alleged Meal and Rest Violations*

Defendant Neostrata asserts that Plaintiffs cannot bring a claim for waiting time penalties based upon alleged meal and rest period violations under section 226.7. (Doc. No. 54-1 at 22.) In opposition, Plaintiffs contend that Defendant Neostrata has misconstrued Plaintiffs' TAC and that they are not bringing waiting time penalty claims for meal and rest break violations. (Doc. No. 58 at 12.)

As currently pled, the Court agrees with Plaintiffs. Defendant Neostrata chooses to direct its focus on Plaintiffs' statement that they "incorporate by reference the foregoing allegations." (Doc. No. 54-1 at 22.) However, looking to the third cause of action for waiting time penalties, the Court finds that the paragraphs following paragraph 260 clearly state that Plaintiffs are alleging failure to pay timely earned wages during employment and upon separation of employment in violation of California Labor Code §§ 201, 202, 203, 218.5, and 218.6. (*Id.* at 47.) Furthermore, paragraph 260 through 274 makes no reference to section 226.7. The Court notes that it is cognizant of Defendant Neostrata's argument that the "incorporate by reference" sentence may be confusing as it incorporates the preceding paragraphs that include meal and rest period allegations in paragraphs 172 through 178. (Doc. No. 67 at 9.) However, Defendant Neostrata fails to read the third cause of action as a whole. Based on the foregoing, Defendant Neostrata's motion to strike paragraph 260 is **DENIED**.

///
///
///
///

### c.     *Labor Code Sections 223 and 225.5*

Defendant Neostrata requests that Labor Code sections 223 and 225.5 be stricken[10] as Plaintiffs have failed to allege facts that Defendant Neostrata "secretly" paid lower wages. (Doc. No. 54-1 at 23.) Plaintiffs contend that their TAC adequately pleads a section 223 and 225.5 claim. (Doc. No. 58 at 12–15.)

Section 223 states that "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to <u>secretly pay</u> a lower wage scale while purporting to pay the wage designated by statute or by contract." Cal. Lab. Code § 223 (emphasis added). Section 223 was "enacted to address the problem of employers taking secret deductions or 'kickbacks' from their employees." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1205 (2008) (citation omitted). Thus, in cases where a section 223 claim is properly pled, the "employer nominally pays employees the wage required by a statute or collective bargaining agreement but then secretly deducts amounts or requires employees to pay back a portion of the wages . . . ." *Id. See, e.g.*, *Sublett v. Henry's Turk and Taylor Lunch*, 21 Cal. 2d 273, 274 (1942) (holding that plaintiff's obligation to return part of their compensation to their employer was a "kickback" scheme to defeat payment of union wages); *Shalz v. Union School Dist.*, 58 Cal. App. 2d 599, 601–02 (1943) (finding violation of section 223 by contractor that agreed to pay prevailing wages but took large deductions, ostensibly for employees' lodging).

Plaintiffs cite to *Johnson v. Q.E.D. Envtl. Sys. Inc.*, Case No. 16-cv-01454-WHO, 2016 WL 4658963, at *4 (N.D. Cal. Sep. 7, 2016), to contend that required off-the-clock work is sufficient to state a claim under section 223. (Doc. No. 58 at 14.) The Court finds

---

[10] Plaintiffs allege that this motion to strike is untimely as references to section 223 were made in their second amended complaint. (Doc. No. 58 at 12–13.) Thus, Plaintiffs request the Court, within its discretion, deny Defendant Neostrata's late-filed motion to strike. (*Id.*) In the interests of judicial economy, and finding that the case cited by Plaintiffs does not support this proposition, the Court disagrees with Plaintiffs and will analyze Defendant Neostrata's motion to strike this claim.

*Johnson* inapposite to the present matter. In *Johnson*, the court held that plaintiff's claims that defendants' policy of "<u>automatically deducting</u> one half hour from employees' timecards for every work day for a meal period, even on those occasions that a full 30 minute break was not taken . . ." was sufficient to plead a section 223 claim. *Id* (emphasis added). Here, Plaintiffs' TAC is lacking any allegations to suggest that Defendants automatically deducted amounts from their wages. Moreover, Plaintiffs do not plead that Defendants took back previously paid wages or maintained a secret wage scale. In sum, finding Plaintiffs' section 223 claim inadequately pled, the Court chooses to **DISMISS** instead of strike Plaintiffs' section 223 claim.[11] *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Moreover, as Plaintiffs' section 225.5 claim makes available penalties for persons who violate section 212, 216, 221, 222, or 223, this claim is also inadequately pled as Plaintiffs do not allege violation of sections 212, 216, 221, or 222. Accordingly, Plaintiffs' section 225.5 claim is also **DISMISSED**.

> ### d. *Meal and Rest Period Violations Within Plaintiffs' UCL Claim*

Defendant Neostrata argues that Plaintiffs' UCL claim should be stricken as a UCL claim cannot be based on alleged meal and rest period violations. (Doc. No. 54-1 at 24–27.) Plaintiffs assert that there is no clear answer from the Ninth Circuit or the California Supreme Court as to whether Plaintiffs can recover section 226.7 premium pay as "wages" under the UCL. (Doc. No. 58 at 15.) Both parties have cited district court cases that support their respective positions.

---

[11] Plaintiffs request leave to amend their section 223 claims as they contend that this is the first time it has been pled. (Doc. No. 58 at 14.) However, the Court notes that Plaintiffs clearly state in their opposition brief that references to Labor Code section 223 were made in Plaintiffs' second amended complaint. (*Id.* at 12.) Thus, this request for leave to amend is meritless.

Despite the split in circuit authority, the Court will follow the holding of several central district of California cases,[12] as well as a case from this district and find that an award under Section 226.7 is restitutionary and may be recovered under the UCL. The Court finds this holding consistent with the Labor Code's definition of "wages," which is "all amounts for labor performed by employees . . . ." Cal. Labor Code § 200(a). Under section 226.7, the employee is paid an amount equal to one hour of regular pay for labor performed during his meal break or rest period. Moreover, though "section 226.7 payment . . . compensates the employee for events other than time spent working," the payments remain compensatory. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1113 (2007). As such, they are properly characterized as restitutionary. *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2014 WL 1665231, at *10 (E.D. Cal. Apr. 23, 2104). Accordingly, Plaintiffs may pursue their meal and rest period violations within their UCL claim and Defendant Neostrata's motion to strike is **DENIED**. *Dittmar v. Costco Wholesale Corp.*, CASE No. 14cv1156-LAB (JLB), 2016 WL 3387464, at *3 (S.D. Cal. June 20, 2016) (holding that plaintiff's UCL claim based on defendant's failure to provide timely meal breaks could proceed).

### e.    Plaintiffs' Proposed Class

Defendant Neostrata contends that Plaintiffs' proposed class should be dismissed or stricken for having an unascertainable definition. (Doc. No. 54-1 at 27.) Plaintiffs retort that Defendant Neostrata's motion to strike their class claims is premature. (Doc. No. 58 at 18–19.)

While the Court appreciates the ample briefing provided by both parties on this issue, the Court agrees with Plaintiffs and finds Defendant Neostrata's motion to strike Plaintiffs'

---

[12] In *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891 (C.D. Cal. 2005), the court held that while the matter is not clearly settled, that meal and rest break pay is recoverable under section 17200 as "payments under Section 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: [B]oth are 'earned wages' and thus recoverable under the UCL." *Id*. at 896

class allegation to be premature. Generally, courts review class allegations through a motion for class certification. *See Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (finding defendants' motion to strike the class allegation as premature because no motion for class certification was before the court); *see also In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *13 (N.D. Cal. Nov. 19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of litigation."). Accordingly, at this point in the litigation, the Court is not prepared to rule on the propriety of Plaintiffs' class allegations. Consequently, Defendant Neostrata's motion to strike or in the alternative motion to dismiss the class allegations is **DENIED**, but **WITHOUT PREJUDICE** as to Defendant Neostrata's ability to move to strike or dismiss the class allegations if and when class certification is sought.[13]

### C. Plaintiffs' Motion to Strike

Plaintiffs move to strike all twenty-two of Defendant Neostrata's affirmative defenses. (Doc. No. 74-1.) In opposition, 24 Seven Defendants contend that Plaintiffs have failed to satisfy the high burden that accompanies motions to strike. (Doc. No. 83 at 6.)

#### i. Striking of "Insufficient" Affirmative Defenses

Plaintiffs assert that all twenty-two of the affirmative defenses that 24 Seven Defendants have pled in its answer to the TAC are insufficient as they fail to give Plaintiffs fair notice and/or because they fail as a matter of law. (Doc. No. 74-1 at 6.)

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading

---

[13] Based on the foregoing, the Court will not address Defendant Neostrata's arguments that Plaintiffs' PAGA representative action is based on fail-safe definitions and should thus be dismissed. (Doc. No. 54-1 at 29 (*see Kamar v. RadioShack Corp.*, 375 Fed. App'x 734, 735 (9th Cir. 2010) (where the defendant asserted a "fail-safe" argument after the court had already certified the class)).)

an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice generally requires that the defendant articulate the affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." *Bd. Of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-cv-634-IEG (LSP), 2007 WL 2070355, at *2 (S.D. Cal. July 12, 2007) (citation omitted). On a final note, despite district courts being split over the issue of what standard to evaluate affirmative defenses, this Court will follow the Ninth Circuit and review the sufficiency of 24 Seven Defendants' affirmative defenses under the "fair notice" pleading standard. *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Mar. 5, 2013).

Here, 24 Seven Defendants have not alleged sufficient facts to provide notice to Plaintiffs as to the nature of its second, fourth, ninth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses. Specifically, in none of these seven affirmative defenses does 24 Seven Defendants point to the existence of some identifiable fact that if applicable to Plaintiffs or another class member would make the affirmative defense plausible on its face. Instead, 24 Seven Defendants "simply lists a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist." *Barnes*, 718 F. Supp. 2d at 1172.

Accordingly, the Court **GRANTS** Plaintiffs' motion to strike 24 Seven Defendants' second (statute of limitations), fourth (waiver), ninth (offset), twelfth (accord and satisfaction/release), thirteenth (privilege/legitimate business reasons), fourteenth (no knowledge, authorization, or ratification), and fifteenth (Labor Code § 2856) affirmative defenses.

ii.     Affirmative Defenses Adequately Pled

As to 24 Seven Defendants' third (estoppel), fifth (laches), tenth (ratification), eleventh (de minimis), and seventeenth (avoidable consequences) affirmative defenses, the Court finds them adequately pled as they give Plaintiffs fair notice of the defense and they are all supported by a valid factual basis. Specifically, 24 Seven Defendants state the nature and grounds for the affirmative defense in such a way that it gives Plaintiffs fair notice of

19

what the defense may entail. Accordingly, based on this, as well taking into account the disfavored status of motions to strike, the Court **DENIES** Plaintiffs' motions to strike the foregoing affirmative defenses. *Barnes,* 718 F. Supp. 2d at 1170 ("While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.").

### iii.  Striking of Non-Affirmative Defenses

Though Plaintiffs do not argue this contention, the Court finds it appropriate to strike several other affirmative defenses pled by 24 Seven Defendants finding that they are non-affirmative defenses. Accordingly, the Court **GRANTS** Plaintiffs' motion to strike 24 Seven Defendants' seventh affirmative defense (no standing), *see ABC Distributing, Inc. v. Living Essentials LLC*, Case No. 15-cv-02064 NC, 2016 WL 8114206, at *2 (N.D. Cal. Apr. 26, 2016) (holding that lack of standing is not an affirmative defense), eighth affirmative defense (excessive penalties unconstitutional), *see J&J Sports Prods., Inc. v. Ramirez Bernal*, No. 1:12-cv-01512-AWI-SMS, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014) (granting motion to strike affirmative defense of excessive damages because it merely countered the allegations in the complaint regarding damages, and thus needed to be pled in the "relevant section of the answer"), sixteenth affirmative defense (res judicata and collateral estoppel), *see Vargas v. Cnty. of Yolo*, No. 2:15-CV-02537-TLN-CKD, 2016 WL 3916329, at *9 (E.D. Cal. July 20, 2016) (striking the affirmative defenses for collateral estoppel and res judicata as the related case had not yet reached a final judgment),[14] and twentieth affirmative defense (good faith dispute), *see Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 1001 (E.D. Cal. 2016) ("There is no good faith mistake of law defense under the California Labor Code.").

---

[14] The Court notes that 24 Seven Defendants do not plead that there is any prior or present legal proceeding that will affect Plaintiffs' claims in the present matter. (Doc. No. 68 at 57.)

### iv.   Defenses that Do Not Need Further Factual Support at this Juncture

As to 24 Seven Defendants' sixth (unclean hands), eighteenth (failure to mitigate), nineteenth (contribution by Plaintiffs' own acts), and twenty-first (willfulness) affirmative defenses, the Court finds that these defenses can survive the motion to strike as 24 Seven Defendants do not need to plead substantial supporting facts to support the defenses at this time. For example, several courts have held that "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) (citation omitted). The Court finds that this same analysis applies to the sixth, nineteenth, and twenty-first affirmative defenses. Thus, as the discovery cut-off date is set for February 6, 2018, (Doc. No. 85 at 2), the Court cannot say at this juncture that other facts may not come to light later down the road. Thus, Plaintiffs' motion to strike 24 Seven Defendants' sixth, eighteenth, nineteenth, and twenty-first affirmative defenses is **DENIED**.

### iv.   First Affirmative Defense: No Employment Relationship

24 Seven Defendants' first affirmative defense alleges that they did not employ Plaintiffs. (Doc. No. 68 at 53.) Plaintiffs allege that this affirmative defense contradicts 24 Seven Defendants' removal papers that stated that it was Plaintiffs' employers. (Doc. No. 74-1 at 7.) Thus, under the doctrine of judicial estoppel, Plaintiffs contend that 24 Seven Defendants are precluded from changing their position through submission of an inconsistent and contradictory pleading. (*Id*.)

The Court finds that "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith . . . inconsistent allegations are simply not a basis for striking the pleading." *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). Accordingly, finding no bad faith on the part of 24 Seven Defendants, the Court **DENIES** Plaintiffs' motion to strike 24 Seven Defendants' first affirmative defense.

///

### v. Twenty-Second Affirmative Defense: Pending Discovery

Plaintiffs contend that "pending discovery" is not an affirmative defense. (Doc. No. 74-1 at 18.) In their opposition brief, 24 Seven Defendants withdrew this defense as they agreed that it is not a valid affirmative defense. (Doc. No. 83 at 15.) Accordingly, Plaintiffs' motion to strike 24 Seven Defendants' twenty-second affirmative defense is **DENIED as MOOT**.

### CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

(1) Plaintiffs' motion to remand is **DENIED**;

(2) Defendant Neostrata's motion to dismiss Plaintiffs' meal and rest period claims is **DENIED**;

(3) Any references to section 2810.3 in Plaintiffs' fifth cause of action is **STRICKEN**;

(4) Defendant Neostrata's motion to strike paragraph 260 and references to alleged meal and rest period violations in Plaintiffs' UCL claim is **DENIED**;

(5) Plaintiffs' section 223 and 225.5 claims are **DISMISSED**;

(6) Defendant Neostrata's motion to dismiss Plaintiffs' class allegations is **DENIED WITHOUT PREJUDICE**;

(7) Plaintiffs' motion to strike 24 Seven Defendants' second (statute of limitations), fourth (waiver), seventh (no standing), eighth (excessive penalties unconstitutional), ninth (offset), twelfth (accord and satisfaction/release), thirteenth (privilege/legitimate business reasons), fourteenth (no knowledge, authorization, or ratification), fifteenth (Labor Code § 2856), sixteenth (res judicata & collateral estoppel), and twentieth (good faith dispute) affirmative defenses is **GRANTED**; and

(8) Plaintiffs' motion to strike 24 Seven Defendants' first (no employment relationship), third (estoppel), fifth (laches), sixth (unclean hands), tenth (ratification), eleventh (de minimis), seventeenth (avoidable consequences), eighteenth (failure to mitigate), nineteenth (contribution by Plaintiffs' own acts),

twenty-first (willfulness), and twenty-second (pending discovery) affirmative defenses is **DENIED**.

The Court will permit 24 Seven Defendants **twenty-one (21) days** to amend its answer to cure the pleading defects pursuant to Federal Rule of Civil Procedure 15(a)(2) and in accordance with the remainder of this order.

On a final note, Plaintiffs request that this Court allow them one additional chance to amend their complaint. However, finding that this is Plaintiffs' third amended complaint, the Court within its discretion finds it unsuitable for Plaintiffs to file a fourth amended complaint. *See Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Moreover, the Court notes that the scheduling order set by Magistrate Judge Jill Burkhardt states that the deadline to file any motion to amend the pleadings is set for June 30, 2017. (Doc. No. 85 at 1.) Accordingly, the Court **DENIES** Plaintiffs' request for leave to file a fourth amended complaint. *See Dutciuc v. Meritage Homes of Arizona, Inc.*, 462 Fed. App'x 658, 660 (9th Cir. 2011) (finding that the district court acted within its discretion in dismissing plaintiff's TAC without leave to amend).

**IT IS SO ORDERED**.

Dated: June 22, 2017

Hon. Anthony J. Battaglia
United States District Judge