UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDLE HORTON and JEANETTE ZDANEK, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEOSTRATA COMPANY INC.; 24 SEVEN LLC; 24 STAFFING LLC; 24 SEVEN TALENT CALIFORNIA LLC DBA 24 SEVEN CREATIVE SOLUTIONS; 24 SEVEN RECRUITING LLC; CELESTE GUDAS; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 16-cv-2189-AJB-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR AN ORDER: (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (2) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT; (3) AND SETTING A HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Doc. No. 152) |
| KIMBERLEE WINSTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEOSTRATA COMPANY INC., et al.,<br><br>Defendants. | |

Presently before the Court is Plaintiffs Candle Horton and Jeanette Zdanek's ("Plaintiffs") unopposed motion for preliminary approval of class action settlement. (Doc. No. 152.) Specifically, Plaintiffs request an order granting: (1) provisional certification of the Settlement Class; (2) preliminary approval of the Putative Class Action Settlement; (3) approval of the Notice and Notice Plan; (4) appointment of the Law Offices of Thomas D. Rutledge and Cohelan Khoury & Singer as Putative Class Counsel; (5) appointment of Plaintiffs Candle Horton and Jeanette Zdanek as the Putative Class Representatives; and (6) the setting of a final approval hearing.

Having reviewed and considered the settlement agreement and the unopposed motion for preliminary approval of the Settlement Agreement, the Court **GRANTS** Plaintiffs' motion, makes the following findings, and grants the relief set forth below. Terms and phrases in this order will have the same meaning as defined in the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

1. <u>Preliminary Approval of Proposed Settlement</u>. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the final fairness hearing provided for below. The Court finds that:

    (a) the Settlement Agreement resulted from extensive arm's length negotiations; and

    (b) the Settlement Agreement is sufficient to warrant notice of the settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

/ / /

/ / /

/ / /

2. <u>Class Certification for Settlement Purposes Only</u>. A Plaintiff class is certified for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Settlement Class is defined as:

> All individuals (1) who provided services to Defendant NeoStrata in California as Freelance Beauty Advisors, Field Sales Representatives, or jobs with similar titles, and (2) who were issued paystubs from one or more of the 24 Seven Defendants from July 20, 2012 through November 28, 2017.

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed settlement not be granted final approval.

In connection with this conditional certification, the Court makes the following preliminary findings:

a. There are questions of law and fact common to the Settlement Class;

b. The claims of Class Representatives are typical of the claims of members of the Settlement Class Members;

c. The Settlement Class is so numerous that joinder of all members is impracticable;

d. Class Representatives and Class Counsel will fairly and accurately represent the interests of the Settlement Class, and there are no conflicts of interest between Class Representatives and members of the Settlement Class;

e. Questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class;

f. Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

3. <u>Class Representatives</u>. Candle Horton and Jeanette Zdanek are appointed as representatives of the Settlement Class ("Class Representatives").

4. <u>Class Counsel</u>. Plaintiffs' counsel, The Law Offices of Thomas D. Rutledge and Cohelan Khoury & Singer, are appointed as class counsel ("Class Counsel").

5. <u>Settlement Administrator</u>. CPT Group, Inc. is appointed and approved as the Settlement Administrator.

6. <u>Notice</u>. The Court approves as to form and content the Notice of Class Action Settlement and Fairness Hearing ("Notice of Class Action Settlement") and Exclusion Form attached to the Settlement Agreement as Exhibits A and B.

Defendants shall provide to the Settlement Administrator a confidential class list by January 4, 2019 [within twenty-one (21) days following entry of this Order]. The Notice of Class Action Settlement shall be published by February 4, 2019 [within thirty (30) days of receipt of the class data contained in the confidential class list].

    a. <u>Mail Notice</u>. The Settlement Administrator shall send the Notice of Class Action Settlement as well as the Exclusion Form to the Settlement Class via First Class U.S. Mail using the most current, known address for each Class Member based on the current information obtained by Defendants. Any mailing returned to the Settlement Administrator as undeliverable shall be sent within five (5) calendar days via First Class U.S. Mail to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall attempt to determine the correct address using a computer-based skip-trace search, and it shall then perform a single re-mailing via First Class U.S. Mail within five (5) calendar days. If no current address is located, the Notice of Class Action Settlement for that individual will be deemed undeliverable. If a Class Member cannot be located within two attempts at mailings by the Settlement Administrator, Notice of Class Action Settlement for that individual will be deemed undeliverable.

///

b. <u>CAFA Notice</u>. The Defendants will provide timely notice to all appropriate government entities in compliance with the Class Action Fairness Act (including California or any other state where Class Members may reside) and submit a statement of compliance with the Court in a timely manner as to prevent delay of the Effective Date.

c. <u>Declaration to be Filed regarding Notice</u>. At least seven days prior to the Fairness Hearing, the Settlement Administrator shall provide a declaration of due diligence and proof of mailing with regard to mailing of the Notice of Class Action Settlement and Exclusion Form, which they shall in turn provide to the Court.

d. <u>Findings concerning Class Notice</u>. The Court finds that the foregoing Notice of Class Action Settlement and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of the Actions and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Notice of Class Action Settlement is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

e. <u>Approval of Claims Process and Settlement Procedure</u>. The claims submission processes described in the Settlement Agreement are hereby approved. The Court preliminarily approves the process set forth in the Settlement Agreement for submitting, reviewing, approving and paying all claims as described in the Settlement Agreement.

f. <u>Costs of Administration, Incentive Payments, and Attorneys' Fees</u>. The Court also approves the process for paying the costs of notice and claims administration, the incentive payments and the Class Counsel's attorneys' fees and litigation costs, subject to proof at the Final Fairness Hearing.

///
///
///

/7. <u>Exclusion from Settlement</u>. Settlement Class Members may opt out of the settlement as set forth in the Settlement Agreement by mailing to the Settlement Administrator a Request for Exclusion. Any such Request for Exclusion must be fully completed and postmarked not more than forty-five (45) calendar days after the postmark date of the initial mailing of the Notice of Class Action Settlement. To be a valid Request for Exclusion, a Settlement Class Member must provide his or her name (and former names, if any), current address, current telephone number, and the last four digits of their social security number. Any Request for Exclusion that does not include all of the required information or that is not submitted in a timely manner will be deemed null, void, and ineffective. If there is a dispute regarding the timeliness or validity of a Request for Exclusion, the Settlement Administrator shall make the determination, after consultation with Class Counsel and Defense Counsel.

8. <u>Objection Rights</u>. Any objection must be sent to the Settlement Administrator and postmarked no later than forty-five (45) calendar days after the first postmark date of mailing the Notice of Class Action Settlement. An objection shall be deemed to be submitted as of the postmarked date. The written objection must contain: (1) the name and case number of this lawsuit *Candle Horton et al. v. NeoStrata Company Inc. et al.*, United States District Court for the Southern District of California, Case No. 3:16-cv-02189-AJB (JLB); (2) the full name and current address and telephone number of the Class Member making the objection; (3) the last four digits of their social security number; (4) the specific reason(s) for the objection; and (5) any and all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider. Settlement Class Members who submit an objection remain bound by this Settlement Agreement.

/ / /
/ / /
/ / /
/ / /

9. <u>Class Counsel Fees</u>. Subject to proof, the Court preliminary APPROVES attorneys' fees and costs award for (1) attorneys' fees in an amount up to one-third of the Gross Settlement Amount and (2) litigation costs actually incurred (but not exceeding $20,000) in representing the interests of the Settlement Class Members, supported by billing statements and documentation of expenses by Class Counsel. Any fees and costs awarded by the Court to Class Counsel will be paid from the Gross Settlement Amount. Counsel must support their fee claim by a lodestar analysis of hours spent and fee rates for those hours in a Motion to be heard at the Final Settlement Hearing.

10. <u>PAGA Payment</u>. The Court preliminary APPROVES a PAGA payment from the Gross Settlement Amount of $20,000, which shall be allocated as $15,000 to the LWDA as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA on behalf of the Settlement Class Members, and $5,000 to the Net Settlement Amount for distribution to the Settlement Class Members. The PAGA Payment is to cover any and all claims for civil penalties on behalf of the Settlement Class Members for violations of California Labor Code sections 201-204, 204b, 210, 216, 218, 218.5, 223, 224, 225.5, 226, 226.3, 226.6, 226.7, 245, 246, 246.5, 247, 247.5, 248.5, 249, 510, 512, 558, 1174, 1174.5, 1175, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2699, 2802, 2804, 2810.3, 2810.5, and the applicable IWC Wage Order. This includes any claims for civil penalties, wages, attorneys' fees, costs, and any other recovery permitted under California Labor Code sections 210, 218.5, 224, 225.5, 226.3, 558, 1174, 1174.5, 1197.1, and 2699.

11. <u>General Release</u>. The Court preliminary APPROVES the general release by the Class Representatives.

12. <u>Settlement Hearing</u>. The final fairness hearing will be held before this Court on **<u>April 11, 2019, at 2:00 p.m.</u>** in Courtroom 4A of the United States District Court for the Southern District of California, 211 West Broadway, San Diego, California, 92101. The final fairness hearing will determine: (a) whether the settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; and (b) whether a Judgment, as provided in the Settlement Agreement,

should be entered granting final approval of the settlement. The Court may adjourn and/or continue the final fairness hearing without further notice to Settlement Class Members.

13. Class Counsel must file a motion for final approval of settlement, fees, costs, and other distributions no later than twenty eight (28) days before the Final Approval Hearing. Counsel must also submit a proposed order at that time.

**IT IS SO ORDERED.**

Dated: December 14, 2018

Hon. Anthony J. Battaglia
United States District Judge